Nickerson *v.* Nickerson.

(*) Nickerson *versus* Nickerson.

A motion to dismiss a suit for an alleged insufficiency of service, must be made within the time prescribed by the rules of Court for pleading in abatement.

Upon the party who urges the allowance of the motion, rests the burden of proving that it was presented within the prescribed time.

Nickerson *v.* Nickerson.

If such proof be not made, the motion will be disallowed.

On EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

BILL IN EQUITY.

The defendant moved that the bill be dismissed for want of a sufficient service. The motion was resisted by the plaintiff, but was sustained by the Judge who ordered that the bill be dismissed.

To that order the plaintiff excepted.

*N. Abbott*, for the plaintiff.

*Sprague*, for the defendant.

APPLETON, J. — This Court are authorized by R. S. c. 96, § 9, to " establish and record all such rules and regulations as may be necessary, respecting the modes of trial and the conduct of business, not being repugnant to law, whether in relation to suits at law or in equity." These rules and regulations have the authoritative force of law and while they continue the Court can no more dispense with their requirements, than if they had been enacted by the Legislature. By rule 18, pleas in abatement must be filed within two days after the entry of an action. By § 10 of the statute before referred to, the bill or complaint in equity process may be inserted in a writ of attachment and served on the adverse party like other writs or summonses in civil actions. The bill in this case is alleged not to have been served in compliance with the third rule in equity. 18 Maine, 444. The defendant moved its dismissal for want of service, but it does not appear when his motion was filed.

If the defendant would avail himself of any defect in the service, he must show affirmatively that he is entitled, according to the rules of Court, to take advantage of the defect for which he seeks to abate the process of the plaintiff. If it be by plea in abatement, it must appear that it was seasonably filed. Nothing must be left to presumption. If it be uncertain when it was filed, it may be treated as a nullity or the plaintiff may demur to it.

Instead of resorting to a plea, the defendant in this case

has filed a motion, but the form in which he attempts to accomplish his purpose cannot increase or enlarge his rights. The motion must be filed within the time allowed for pleas in abatement, else it must be overruled. To decide otherwise would be to repeal the rule. *Trafton* v. *Rogers*, 13 Maine, 315 ; *Maine Bank* v. *Harvey*, 21 Maine, 38. As it does not appear when the motion was filed, from any proof in the case, it may have been long after the time, in which, by the rules of Court, it should have been done.

> *Exceptions sustained.*
> *Motion overruled.*

SHEPLEY, C. J., and TENNEY and HATHAWAY, J. J., concurred.

