MARY L. NICKERSON *vs.* RUFUS L. NICKERSON and trustee.

Waldo.    Opinion January 28, 1888.

*Fire insurance.   Proof of loss.   Waiver.   Mortgage.   Law and fact.*

An insurance company can neither be subjected to a suit upon a policy of insurance by the assured, nor to trustee process, in favor of the mortgagee or other creditor, until the preliminary proofs of loss, as required by statute, have been furnished or waived.

After the notice provided by the statute has been given by a mortgagee of real estate to an insurance company having issued a policy of insurance upon the same, he becomes the equitable owner of the policy and his mortgage, and, inasmuch as preliminary proofs are required to fix the liability of the insurance company, and he must commence his action within sixty days after the loss, he may furnish the requisite proofs of loss in his own name if the assured neglects or refuses to furnish them, in order that he may avail himself of his rights under the policy, and he may avail himself of any waiver of such proofs by the insurance company.

Such waiver is a question of fact for the jury, whenever it is to be inferred from the evidence adduced or is to be established from the weight of evidence.

On exceptions and motion. The case is stated in the opinion.

*W. P. Thompson and R. F. Dunton*, for the plaintiff, cited : *Martin* v. *Ins. Co.* 20 Pick. 389 ; *Fox* v. *Harding*, 7 Cush. 516 ; R. S., c. 49, §52 ; *Butterworth* v. *Western Assurance Co.* 132 Mass. 492 ; *Bartlett* v. *Union Ins. Co.* 46 Maine, 500 ; *Lewis* v. *Monmonth Ins. Co.* 52 Maine, 492 ; *Works* v. *Farmers Ins. Co.* 57 Maine, 282 ; *Couch* v. *Rochester Ins. Co.* 25 Hun. N. Y. 469 ; *Carson* v. *Jersey City Ins. Co.* 43 N. J. 300 ; *Franklin Fire Ins. Co.* v. *Chicago Ice Co.* 36 Md. 102 ; *Rokes* v. *Amazon Ins. Co.* 51 Md. 512 ; *Patterson* v. *Triumph Ins. Co.* 64 Md. 500 ; *Bailey* v. *Hope Ins. Co.* 56 Md. 474 ; *Savings Bank* v. *Com. Union Assurance Co.* 142 Mass. 142 ; *White* v. *Jordan*, 27 Maine, 370 ; *Googins* v. *Gilmore*, 47 Maine, 9 ; *Williams* v. *Buker*, 49 Maine, 427.

*Daniel C. Robinson*, for trustee.

It was plaintiff's duty as mortgagee to see that the insured took the proper preliminary steps for the recovery of the insurance, or in case of his neglect so to do, to take such steps herself. Wood on Fire Insurance, § 438 ; *Graham* v. *Phœnix Ins. Co.* 77 N. Y. 171.

The company admitted that they "had knowledge of the fire in some way on the day after it occurred." But this did not obviate the necessity of such notice. Wood on Fire Insurance, § 439 ; *Woodfin* v. *Ashville Ins. Co.* 9 Jones, (N. C.) 558 ; *Edward* v. *Lycoming Ins. Co.* 75 Penn. St. 378.

The company had had information that this fire was caused by

the act of the insured, and Richardson went there as he testified, for the purpose of investigating that matter, and according to his testimony, that was the burden of the whole interview. And such a visit as he made could not affect the duty of the plaintiff to make proper proof of loss. *Underwood* v. *Farmer's Ins. Co.* 57 N. Y. 500; *Edwards* v. *Baltimore Ins. Co.* 3 Gill. (Md.) 176; *Blossom* v. *Lycoming Ins. Co.* 64 N. Y. 162.

In *Boyle* v. *North Carolina Ins. Co.* 7th Jones, N. C. 373, the evidence of a waiver of proof of loss was much stronger than in the case at bar. An agent of the defendant was present at the fire, and fifteen days afterward a travelling agent of the company (such as Mr. Richardson in this case) saw the plaintiff about the loss and said; "The matter will be all right with the company." Held no evidence of waiver. A waiver "is an intentional relinquishment of a known right," and in order to find a waiver on the part of the company by Richardson's act, (supposing him to have authority to waive, which we deny) we must find that he intended to waive the furnishing the proofs and that his acts and words were to that end. We submit that it would be the height of unreason to deduce this from the evidence. Richardson was talking with the old man and woman, not as the assured, but simply as people who lived on the premises, and were conversant with the circumstances of the fire, and there is no evidence to go to the jury of the requisite intention which is a *sine qua non*. *Donahue* v. *Windsor County Ins. Co.* 56 Vt. 374; *Home Ins. Co.* v. *Valt. W. H. Co.* 16 Am. Law. Reg. 162; *Interprise Ins. Co.* v. *Pariso*, 35 Ohio. St. 35; *Findeison & ux.* v. *Metropole Ins. Co.* 57 Vt. 520.

See a thorough discussion of the principle of waiver of proof of loss by company's agent in the recent case of *Bowlin* v. *Heckla Fire Ins. Co.* (Minn.) reported in Insurance Law Journal for April, 1887.

It is good law that a representation upon applying for insurance, that the property has no mortgage upon it, is a material one. *Richardson* v. *Maine Ins. Co.* 46 Maine, 394; *Gould* v. *York Ins. Co.* 47 Maine, 403.

Whether or not the omission to disclose the mortgage was

intentional or not does not matter. *Dennison* v. *Thomaston Ins. Co.* 20 Maine, 125 ; *Gould* v. *York Ins. Co. ante.*

HASKELL, J. Trustee process, under R. S., c. 49, § 53, by a mortgagee of real estate to enforce a lien upon a policy of insurance against fire procured by the mortgagor, brought within sixty days after the loss.

The insurance company disclosed a burning of the property insured, and that the policy was void by reason of a false representation of title by the assured in that he concealed a mortgage thereon to the plaintiff conditioned to secure the support of herself and husband during their natural lives, and that no proof of loss had been furnished, and that the property was feloniously fired by the assured whereby all claim under the policy became barred.

The plaintiff answered the disclosure by averring that, if false representations of title were made, the risk was not increased by reason of the mortgage concealed, and that formal proof of loss had been waived, and that the property was not fired by the assured.

These issues of fact were submitted to a jury that found in substance, by direction of the court, that no sufficient proof of loss had been furnished or waived, and, upon the evidence, that the risk by reason of the mortgage concealed was not increased, and that the fire was not the fraudulent act of the assured.

The principal defendant neither appears to have answered to the suit nor to have testified at the trial.

To the ruling of the court directing the jury to find that sufficient proofs of loss had neither been furnished nor waived the plaintiff has exception.

This ruling is expressly based upon the statement, that evidence was adduced tending to prove that "one Richardson," a duly authorized agent of said company and sent by said company, went to Knox and held an interview with the plaintiff and her husband ; that said agent was informed by said plaintiff and her husband, about the fire, the property burned and the value thereof; that said Richardson wrote what they said to him in a

book and stated to them that "that was all that was required."

R. S., c. 49, § 21, declares the assured, within a reasonable time after notice to the company of the loss, shall furnish it with "as particular account of the loss and damage as the nature of the case will admit, stating therein his interest in the property, what other insurance if any exists thereon, in what manner the building insured was occupied at the time of the fire and by whom and when and how the fire occurred so far as he knows or believes, to be sworn to before some disinterested magistrate, who shall certify that he has examined the circumstances attending the loss, and has reason to and does believe such statement to be true ; the assured shall, if requested, . . . submit to an examination under oath in the place of his residence ; no other preliminary proof of any kind shall be required before commencing an action against the company. . . . All contracts of insurance made, renewed or extended, or on property within the state, are subject to the provisions hereof."

It is not pretended that the preliminary proofs of loss prescribed by the statute had been furnished, but it is contended they were waived.

R. S., c. 49, § 52, give a mortgagee of real estate a lien upon the policy insuring the mortgaged property after notice to the company of his mortgage and the amount due thereon.

Section 53 gives such mortgagee a right to collect his mortgage debt by trustee process against the assured and the insurance company as trustee, commenced within sixty days after the loss.

R. S., c. 86, § 55, provide that, "no person shall be adjudged trustee . . . by reason of money or other thing due from him to the principal defendant, unless, at the time of the service of the writ upon him, it is due absolutely and not upon any contingency."

The insurance company can neither be subjected to a suit upon the policy by the assured, nor to trustee process, either in favor of a mortgagee or other creditor, until the preliminary proofs of loss required by statute have been furnished or waived.

The court says in *Davis* v. *Davis*, 49 Maine, 282 : "The

liability of the insurer does not become absolute unless the preliminary proof as required in the conditions of the policy is obtained. If no proof is furnished the liability does not attach. . . . The contingency is not of proving a case, but of ever having one to prove, of there ever being a time when the insured would have a right of action."

Sec. 21, of c. 49 of R. S., was enacted in 1861, and took effect in May before the loss under the policy in *Davis* v. *Davis*, in November; and that case was decided without reference to the statute, no doubt, because that policy was in force prior to its passage; but that decision applies equally well to conditions engrafted upon a policy by statute and conditions contained in it.

After the notice provided by statute has been given by a mortgagee of real estate, he becomes the equitable owner of the policy *qua* his mortgage; and, inasmuch as preliminary proofs are required to fix the liability of the insurance company, and he must commence his action within sixty days after the loss, unless he may furnish the requisite proofs of loss in his own name, if the assured neglects or refuses to furnish them, his lien upon the policy might become worthless. The legislature could never have intended that result, and an illogical and unreasonable construction of statute law could only produce it.

If the mortgagee may furnish the preliminary proofs of loss in his own behalf, it follows that he may avail himself of any waiver of the same by the insurance company; and it is settled law that an insurance company may waive the furnishing of preliminary proofs altogether, or objection to irregular or defective ones. *Carson* v. *Jersey City Ins. Co.* 43 N. J. 300; *Martin* v. *Fishing Ins. Co.* 20 Pick. 389; *Bartlett* v. *Union M. F. Ins. Co.* 46 Maine, 500; *Bailey* v. *Hope Ins. Co.* 56 Maine, 474; *Works* v. *Farmers' M. F. Ins. Co.* 57 Maine, 281; *Patterson* v. *Triumph Ins. Co.* 64 Maine, 500.

Waiver may be a question of fact for the jury. It is always so whenever it is to be inferred from evidence adduced, or is to be established from the weight of evidence. In the case at bar an express waiver is asserted. "The true inquiry is, what was said or written, and whether what was said indicated the alleged

intention." *West* v. *Platt*, 127 Mass. 372; and this must be for the jury. *Savage M'f'g Co.* v. *Armstrong*, 17 Maine, 34.

The authorized agent of the company, after the fire and after notice from the plaintiff that she as mortgagee claimed a lien upon the policy under the statute, went to the plaintiff and her husband and took in writing their account of the fire and of the property burned and of the value of it, and stated to them, "that was all that was required."

Taking into consideration the parties and the nature of the interview and the statement made by the company's agent, might not the plaintiff have understood that she was relieved from any further account of her loss? may not the statement of the agent, fairly considered, convey the meaning that he had gained all the information he desired, and that it was satisfactory to him, and that nothing further would be required as a pre-requisite to the payment of the loss? If regular proofs had been required by the agent, would he not have said so? If he did not mean to deceive the parties, ought he not to have said so? He did say, after writing their statements, "that was all that was required." Can it be said that a jury would not be warranted in taking him at his word, and that if they did, the verdict could not stand?

The agent of the company apparently had full authority in the premises, and his acts bind the company, even though he exceeded his powers. *Packard* v. *Dorchester M. F. Ins. Co.* 77 Maine, 144.

The trustee moves for a new trial because the findings of the jury, that the risk was not increased by reason of the mortgage and that the assured did not fire the buildings, are not supported by the evidence.

The assured appears to have been repeatedly charged with setting the fire and never to have positively denied it. He surrendered his policy after the fire and requested an assurance that he should not be prosecuted for the felony. He has not made any claim under the policy and did not testify at the trial. The circumstances attending the fire and his presence and conduct are suspicious.

Both issues submitted to the jury are so intimately connected

that the consideration of one necessarily bears upon the other and cannot well be separated from it. The motive causing the felonious burning, if any there was, arose from his agreement to support the mortgagee and her husband, secured by the mortgage. Had there been no mortgage, he might have had no inducement to fire the buildings.

After a careful consideration of the evidence, the court is of opinion that the findings of the jury are not supported by the evidence.

> *Exceptions sustained. Motion sustained. New trial granted.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN, LIBBEY and EMERY, JJ., concurred.