THE STATE INSURANCE COMPANY OF DES MOINES, IOWA, v. W. H. KETCHAM.

No. 422.*    (58 Pac. 229.)

1. FIRE INSURANCE—*Occupancy of Premises—Waiver of Proof of Loss.* The evidence examined, and *held*, that the finding of the jury that the house was occupied at the time of the fire is sustained by the testimony; and further *held*, that the finding of the jury that there was a waiver of proof of loss as required by the policy is fully sustained by competent testimony.

*Petition for order to certify denied by supreme court November 11, 1899.—REP.

2. ———— *Mortgagee—Benefits of Waiver.* Where there is a waiver of proof of loss by the company, it inures to the mortgagee, where the policy is payable to him as his interest may appear.

Error from Marion district court; LUCIEN EARLE, judge.   Opinion filed September 16, 1899.   Affirmed.

*Bond & Osborn,* for plaintiff in error.

*King & Kelley,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This action was commenced in the district court of Marion county by W. H. Ketcham, mortgagee, to recover the amount of his interest in a policy of insurance issued to Margaret P. Bowlby by plaintiff in error.   The policy contained the following clause :   "Loss, if any, payable to W. H. Ketcham."

Margaret P. Bowlby died before the fire, and the premises were occupied for some time by her surviving husband and her son and family.   It is also provided in the policy "that any change in the occupant or occupancy of the premises insured," or if the building should become vacant, then the policy should be void.

*First.* It is contended that there was a change of occupants, and that the policy was therefore void.   It is not necessary to consider the question whether the death of Mrs. Bowlby and the subsequent use of the house by her surviving husband and son was such a change of occupancy as would avoid the policy, as there is no such defense alleged in the answer.

*Second.* It is contended that the house was vacant at the time the fire occurred and that the policy is therefore void.   The jury find against this claim, and the evidence is sufficient to sustain the finding.

*Third.* It is further contended that, as it did not appear at the trial that at the time of the fire Ketcham had any interest in the note and mortgage on the premises in question, he should not recover. It is clear from the record that when the policy was issued and the mortgage executed Ketcham did own the note and mortgage, and it also appears that he owned them at the time the suit was commenced. Upon the record, the presumption would be that he owned the note and mortgage at the time the fire occurred. A state of facts once shown to exist continues until proved otherwise.

*Fourth.* The policy provided that proof of loss should be made within sixty days. This was not done. It appears that Mr. Bowlby, the surviving husband, had some correspondence with the company, and that they referred his correspondence to one Going, an agent of the company, and that Going examined the premises. The evidence is that Going told Bowlby that if he would be appointed administrator he would pay him the loss. Bowlby was appointed, but in the meantime the sixty days had gone by, and, no proof of loss in writing having been made, the company refused to pay the loss. We cannot give a synôpsis of the evidence, but from our examination of all the testimony we are satisfied that the acts and conversation of the agent of the company selected to adjust the claim constituted a waiver of "written proof of loss" required by the policy, and the jury under proper instructions so found. They also found that the delay in making proof was caused by the acts of the agent and adjuster of the insurance company. See Wood on Fire Insurance, volume 2, page 987, and authorities there cited.

*Fifth.* It is further contended that, in any event, the

proof made by Bowlby, administrator, or the waiver
to him, would not work to the benefit of Ketcham,
mortgagee.  We cannot consent to this declaration.
They were both interested parties—Ketcham entitled
to an amount equal to his interest as made to appear ;
Bowlby interested to the amount remaining.  It is the
duty of the assured to make proofs of loss ; should he
refuse or neglect, it is the duty of the mortgagee.  The
mortgagee is required to see that proofs are made, but
if the assured makes them it will inure to the mort-
gagee's interest.  See Wood on Fire Insurance, vol-
ume 2, pages 931–933 ; *Nickerson v. Nickerson*, 36 Me.
417, 12 Atl. 880.

All the errors assigned have been examined.  There
is nothing in the record requiring a reversal of the
case.  The judgment of the district court is affirmed.