ISAAC VAN DYKE CO. *v.* MOLL.

1. GARNISHMENT—WHEN DEBT SUBJECT TO GARNISHMENT.

Generally, a debt which may be sued upon at the time of the service of the writ, or owing but not then due, is subject to garnishment.

2. INSURANCE — LIFE INSURANCE — POLICY IS A CONTRACT AND MEASURES RIGHTS OF PARTIES.

While a life insurance policy must in form comply with the provisions of the statutes, it is nevertheless a contract entered into between the insurer and the insured, and the policy is the measure of the rights of everybody under it.

3. SAME—RIGHT TO CASH SURRENDER VALUE OF POLICY IS OPTION NOT BINDING UNTIL ACCEPTED.

The right of insured to demand and receive the cash surrender value of a life insurance policy is an option in the nature of an irrevocable offer made to him by the insurer, but in no way binding upon it until acceptance be had by notifying it thereof and surrendering the policy; such right being personal to the insured, he alone may exercise it.

4. GARNISHMENT—MONEY PAYABLE ABSOLUTELY MAY BE GARNISHED.

When money is payable absolutely and without condition, the debt may be garnished.

5. SAME—CREDITOR HAS NO GREATER RIGHTS THAN DEBTOR.

A creditor, when seeking to recover money from a garnishee defendant, has no greater right thereto than the principal defendant.

6. SAME—CASH SURRENDER VALUE OF POLICY NOT SUBJECT TO GARNISHMENT WHERE NOT ACCEPTED BY INSURED.

Under 3 Comp. Laws 1915, §§ 13123, 13139, the cash surrender value of a life insurance policy is not subject to garnishment for the debt of insured, where he has not exercised his right to accept same by notifying the insurer

[1]Garnishment, 28 C. J. §§ 46, 171; [2]Insurance, 32 C. J. § 177; Life Insurance, 37 C. J. § 38; [3]Id., 37 C. J. § 161; [4]Garnishment, 28 C. J. § 171; [5]Id., 28 C. J. § 336; [6]Creditors' Suits, 15 C. J. § 79; Garnishment, 28 C. J. § 208; 16 L. R. A. (N. S.) 316.

thereof and surrendering his policy, since the obligation to pay does not become due at or within a time fixed by the policy, but rests upon the happening of an event which may or may not transpire.

Error to Ottawa; Cross (Orien S.), J.    Submitted October 6, 1927.    (Docket No. 42.)    Decided January 3, 1928.

Garnishment proceedings by the Isaac Van Dyke Company against John P. Moll, principal, and the Lincoln National Life Insurance Company, garnishee defendant.    Judgment for plaintiff.    Defendants bring error.    Reversed, and judgment ordered entered for defendants.

*Robinson & Parsons, R. F. Baird,* and *Clyde J. Cover,* for appellants.

*Jarrett N. Clark,* for appellee.

SHARPE, J.    The question here presented is aptly stated by defendants' counsel as follows:

"Under the garnishment law of Michigan, can the cash value of a life insurance policy be reached by a creditor of the insured, when the insured has not performed the acts made necessary by the policy to entitle him to maintain an action against the insurer for the same?"

The "acts" referred to are the election to take, the surrender of the policy, and demand for payment.    The carefully prepared briefs which have been filed have greatly aided us in reaching a conclusion.    It is conceded that the question is a new one in this State.    It must be determined by the construction which shall be placed upon the provisions of our garnishment statute.    They are found in 3 Comp. Laws 1915, §§ 13123, 13139, and read as follows:

"SECTION 2. From the time of the service of such writ, the garnishee shall be liable to the plaintiff to

the amount of property, money, goods, chattels and effects under his control, belonging to the principal defendant, or of any debts due or to become due from such garnishee to the principal defendant, or of any judgment or decree in favor of the latter against the former, and for all property, personal and real, money, goods, evidences of debt, or effects of the principal defendant, which such garnishee defendant holds, by conveyance, transfer or title that is void as to creditors of the principal defendant, and for the value of all property, personal and real, money, goods, chattels, evidences of debt or effects of the principal defendant, which such garnishee defendant received or held by a conveyance, transfer, or title that was void as to creditors of the principal defendant; and such garnishee defendant shall also be liable on any contingent right, or claim against him in favor of the principal defendant."

"SECTION 18. When the garnishee shall be found indebted to the principal defendant, and the time of payment shall not have arrived, no judgment shall pass until after the time of maturity, which shall be named in the finding or verdict."

These provisions render the garnishee liable to the amount of any money in its hands, or under its control, belonging to the principal defendant or any debt due, or to become due, to him from the garnishee. The general rule undoubtedly is that a debt which may be sued upon at the time of the service of the writ, or owing but not then due, is subject to garnishment. *Nessen Lumber Co.* v. *Bennett Lumber Co.*, 223 Mich. 349. The question here presented is whether the defendant company was indebted to the defendant Moll in any sum for which an action might have been brought at the time of the service of the writ. The beneficiary named in the policy had died. It was payable in the event of his death to his estate.

While the policy must in form comply with the provisions of our statutes, it is nevertheless a contract entered into between the insurer and the insured.

"The policy is the measure of the rights of everybody under it." *Northwestern Life Ins. Co.* v. *McCue*, 223 U. S. 234 (32 Sup. Ct. 220, 38 L. R. A. [N. S.] 57). The principal undertaking of the insurer is to pay a sum certain on the death of the insured. It had, however, from time to time received certain sums additional to the cost of what may be termed straight life insurance, and such payments by the insured entitled him to certain options, plainly stated in the policy, which he might exercise in the manner provided therein. Each of these options is in the nature of an irrevocable offer made to him by the insurer, but in no way binding upon it until acceptance be had. Among them was the right to demand and receive the cash surrender value of the policy. To entitle the insured thereto, he must notify the company of his election to exercise his right of option (make demand therefor) and surrender his policy to the company. There is a clear distinction between the necessity of demand for which a prior notice is needed before the right to money is technically complete and a requirement of demand which goes to the cause of action itself. When the money is payable absolutely and without condition, the debt may be garnished. But the present right of the insured to money under this policy and the liability of the company to pay it is not absolute. The right to receive it is one personal to the insured, and he alone may exercise it. It may not be forced upon him by the insurer. The obligation to pay does not become due at or within a time fixed by the policy, but it rests upon the happening of an event not measured by a time limit, and which may or may not transpire. He must also surrender the policy or make tender thereof before his right of action will accrue. The plaintiff, when seeking to recover the money from the garnishee, has no greater right thereto than the principal defendant. *Clay Lumber Co.* v. *Coal Co.*, 174 Mich. 613, 619.

Counsel for the plaintiff contends that the amount fixed by the policy as its surrender value "belongs to the principal debtor;" that he has the option to accept it, and that the garnishment proceeding should be construed as a demand therefor. The trial court accepted this view, but we are unable to do so. If garnishment will here lie, it could be enforced by a creditor were the insured at the time of service lying on a sick bed with dissolution near at hand. The liability of the insurer under its policy must be determined as of the date of the service of process, and it would greatly benefit thereby.

We have not lost sight of the claimed injustice of permitting a debtor to use his earnings in payment of the premiums due on an insurance policy instead of in satisfaction of his debts. If such injustice needs correction, it must be had by the legislature and not by the courts in placing a strained construction upon the language of our garnishment statutes. In our opinion no liability attached to the defendant company under its disclosure, and it should have had a judgment in its favor.

Plaintiff's counsel relies on the text in Rood on Garnishment, § 46, and note on page 63; 15 C. J. p. 1404; 28 C. J. pp. 44, 166. In some States garnishment is by statute in the nature of an equitable proceeding under what is spoken of as "trustee process." In *Maurice* v. *Insurance Co.*, 201 N. Y. Supp. 369, the effort to reach the fund was brought by a receiver appointed in proceedings supplementary to execution. The conclusion we have reached finds support in *Farmers & Merchants Bank* v. *Insurance Co.*, 161 Ga. 793 (131 S. E. 902, 44 A. L. R. 1184); *Columbia Bank* v. *Life Assurance Soc.*, 80 N. Y. Supp. 428; *Boisseau* v. *Bass*, 100 Va. 207 (40 S. E. 647, 57 L. R. A. 380, 93 Am. St. Rep. 956); case and note thereto in 16 L. R. A. (N. S.) 317; *Ellison* v. *Straw*, 119

Wis. 502 (97 N. W. 168) ; *Ober* v. *Seegmiller*, 180 Iowa, 462 (160 N. W. 21) ; *Gies* v. *Insurance Co.*, 12 Minn. 279; *Nickerson* v. *Nickerson*, 80 Me. 100 (12 Atl. 880) ; *Anthracite Insurance Co.* v. *Sears*, 109 Mass. 383.

The judgment entered is reversed and set aside, with costs to appellants, and the cause remanded to the circuit court with directions to enter a judgment for the garnishee defendant.

FLANNIGAN, C. J., and FELLOWS, WIEST, CLARK, McDONALD, and BIRD, JJ., concurred.

The late Justice SNOW took no part in this decision.