MORRIS v. MORRIS.

1. DIVORCE—ALIMONY—DEATH—MODIFICATION OF DECREE.

Modification of alimony provision of decree of divorce so as to terminate payment of alimony as of the date of the husband's death is affirmed on appeal from order entered upon second wife's petition to construe decree, where parties agree alimony terminated upon husband's death.

2. SAME—INSURANCE—DEATH OF REMARRIED HUSBAND.

Requirement of decree of divorce that defendant husband should maintain specified life insurance policies upon his life in full force and unconditionally continue plaintiff wife as direct beneficiary vested such plaintiff with the ordinary property rights of correspondingly named life beneficiaries and, upon death of the husband, neither his estate nor his second wife have any interest in the proceeds of the policies.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted October 17, 1961. (Docket No. 83, Calendar No. 49,212.) Decided December 28, 1961.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation § 700.
    Death of husband as affecting alimony. 18 ALR 1040, 39 ALR2d 1406.
[2] 17A Am Jur, Divorce and Separation § 930; 29A Am Jur, Insurance § 1642.
    Propriety and effect of provision in decree in divorce suit in respect of policy of insurance on life of husband. 145 ALR 522.

Bill by Gertrude Welch Morris against G. Frederick Morris resulted in decree of divorce with provisions included for maintenance of insurance on life of defendant. Petition by intervenor, Marie K. Morris, second wife and widow of defendant, for amendment of decree to terminate interest of plaintiff. Order entered construing decree and granting plaintiff proceeds of life insurance policies. Intervenor appeals. Affirmed.

*McCauley & Anderson,* for plaintiff.

*Thomas L. Poindexter,* for intervenor Marie K. Morris.

Per Curiam. This is a suit for divorce. Decree for plaintiff entered on her bill January 28, 1941. The decree required payment of alimony terminating, as the parties agree, when Mr. Morris died June 19, 1960. The decree provided further, with reference to the subject matter now in controversy:

"Insurance Policies

"1. That the defendant shall maintain in full force and effect and pay the premiums upon the following insurance policies upon the life of the defendant: [Here follows a description of the respective policies specifying amounts.] and the defendant shall cause and continue to cause the described policies to be payable to Gertrude Welch Morris, plaintiff herein, as direct beneficiary.

"2. Provided, that the defendant shall be and is hereby restrained and enjoined from changing beneficiary of the described policies to any other person than Gertrude Welch Morris, plaintiff herein.

"3. Provided, that nothing herein contained shall be construed as operating upon the described policies so as to effect irrevocable change of ownership thereof, which ownership is recognized to be in the defendant, now as heretofore.

"4. Provided, that the defendant shall cause it to be brought about that plaintiff shall be at all times entitled to receive from the insurance company named hereinabove, Northwestern Mutual Life Insurance Company of Milwaukee, Wisconsin, full information and disclosure concerning the status of the described policies.

"5. Provided, that the defendant shall not borrow upon the described policies except upon leave of this court first obtained for substantial cause shown.

"6. Provided, that when and if any or all of the described policies shall mature as endowment funds, this court shall be vested with jurisdiction to determine the terms under which the said endowment funds shall be enjoyed by the defendant, it being the purpose of this proviso to secure to the defendant the enjoyment thereof consistently with the protection of the plaintiff in the alimony which shall then be payable to her.

"7. Provided, that nothing in this decree contained respecting life insurance shall be construed as giving to the plaintiff a property interest in the described policies, except as expressly set forth in this decree, and that, should the plaintiff predecease the defendant, then this decree respecting the described policies shall become of no force and effect.

"8. Provided, that this decree respecting life insurance policies is subject to revision by the court upon the petition of either party upon substantial cause shown, as instanced (without limiting the generality of the foregoing) by the following: Substantial increase or decrease of defendant's earning power or remarriage of the plaintiff.

"9. Provided, that the defendant shall hold any other policies of insurance than those described, whether now or hereafter acquired, free of any claim of plaintiff."

November 7, 1960, the second Mrs. Morris, widow of Mr. Morris, intervened and petitioned the court for an order amending the decree so as to "terminate

any claims by the first wife to alimony and/or the insurance policies." The purpose of such petition was, of course, that of obtaining a judicial determination that the proceeds of such policies, after due application thereof to alimony arrearages, if any, belonged to the estate of the insured husband rather than the designated beneficiary thereof.

Judge Gilmore, treating the petition as one to construe the original decree, found as contended by the first Mrs. Morris and decreed as follows:

"It is ordered, adjudged and decreed that the alimony payable by the defendant to the plaintiff pursuant to the decree heretofore entered herein on January 28, 1941, terminated as of the date of the death of the defendant, June 19, 1960.

"It is further ordered, adjudged and decreed that the provisions of said decree as amended,* with respect to the policies of life insurance therein mentioned, were not intended as security for the payment of the alimony provided in said decree to be paid but that the same were intended to vest in the plaintiff an interest in said policies of insurance to the extent and on the terms and conditions therein provided and said policies of life insurance having matured on the death of the defendant during the lifetime of the plaintiff, neither the decedent's estate nor the petitioner, Marie K. Morris, have any interest in the proceeds thereof.

"It is further ordered, adjudged, and decreed, that this court retain jurisdiction to determine, upon proper application, the amount, if any, of alimony due from the defendant to the plaintiff as of the date of the death of the defendant."

The widow appeals. Her contention on review is indicated in the quoted portion of Judge Gilmore's decree.

---

* The amended decree is the decree referred to in the first paragraph of this opinion.

No ground for disagreement with the conclusions and result as decreed has been shown. We are impressed, as was Judge Gilmore, that the decretal requirement of unconditional and continued designation of the plaintiff divorced wife, as beneficiary, vested with her the ordinary property rights of correspondingly named life beneficiaries subject only to defeat or impairment by subsequent developments as provided in quoted paragraphs 5, 6, and 8 of the decree, none of which came into existence prior to the death of Mr. Morris.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.