Earl DUNBAR, Joseph Crenshaw, Austin Byrd, Jr., Carolyn Duvall, Meyers Duskin and David Washington, Jr., Plaintiffs,

v.

UNITED INSURANCE COMPANY OF AMERICA, an Illinois corporation, Defendant.

Civ. No. 80–72209.

United States District Court,
E.D. Michigan, S.D.

Jan. 31, 1983.

Samuel Posner, Posner, Posner & Posner, Detroit, Mich., for plaintiff.

Donald Miller, Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., for defendant.

## MEMORANDUM

COHN, District Judge.

This case involves a claim that defendant violated Michigan's Elliot-Larsen Civil Rights Act, 1976 Mich.Pub.Acts 453, Mich. Stat.Ann. § 3.548(101) *et seq.,* [M.C.L.A. § 37.2101 et seq.] (Elliot-Larsen), in discriminating against plaintiffs in their conditions of employment because of their race. Defendant, an Illinois corporation, denies the allegations and has moved to dismiss the complaint on the ground that Elliot-Larsen is unconstitutional because it violates the object—title limitations of Article IV, Section 24 of Michigan's Constitution of 1963.[1] Defendant, besides presenting a legal analysis of its position, cites a number of Michigan trial court decisions holding Elliot-Larsen unconstitutional.

Plaintiffs respond with a counter legal analysis and cite an almost like number of trial court decisions to the opposite effect and particularly cite a decision by Judge Noel Fox of the Federal District Court for the Western District of Michigan, *Thompson v. Board of Education,* 519 F.Supp. 1373 (W.D.Mich.1981), holding Elliot-Larsen constitutional. Judge Fox served as a trial court judge in Michigan for a number of years before his appointment to the federal bench.

Elliot-Larsen, as enacted, included a section (205a) prohibiting an employer from maintaining arrest records, as distinguished from conviction records. No mention was made of the prohibition in the title. In 1977 the title of Elliot-Larsen was amended to include a reference to "preserv[ing] the confidentiality of records regarding arrest ....", 1977 Mich.Pub.Acts 162. In 1978 section 205a of Elliot-Larsen was amended to add a limitation on the use of polygraph tests in employment situations. The title

was not amended. 1978 Mich.Pub.Acts 610. In 1979 the title of Elliot-Larsen was amended to include a reference "to limit the use of polygraph ... tests in certain employment situations" and to add additional provisions regarding polygraph tests. 1979 Mich.Pub.Acts 91.

On the basis of the inclusion of the polygraph test limitations a Wayne County Circuit Court judge in *Seals v. Henry Ford Hospital,* CA No. 79 916 900 NO, on March 2, 1981 held Elliot-Larsen unconstitutional because it included at least two objects. No consideration was given to the manner in which the polygraph test limitation was added by amendment. Some of the trial court decisions holding Elliot-Larsen unconstitutional find it includes three objects, i.e. a prohibition on the use of arrest records, a limitation on the use of polygraph tests and various anti-discrimination provisions. For the most part these decisions engage in a rather mechanical analysis; some of the decisions cited are reflected only in orders.[2] These decisions, divided as they are, obviously create confusion and uncertainty over the constitutionality of Elliot-Larsen, one of Michigan's fundamental laws whose enactment is mandated by Article I Section 2 of the Constitution of 1963.[3]

The decision in *Seals* is on appeal to the Michigan Court of Appeals, (Docket No. 57454) and was orally argued on December 7, 1982. On January 13, 1982 and again on September 14, 1982 the Michigan Civil Rights Commission asked the Governor of Michigan to certify the question of the constitutionality of Elliot-Larsen to the Michigan Supreme Court pursuant to Article 6 Section 4 of the Constitution of 1963. The Governor did not do so. On November 15, 1982, Judge Stewart Newblatt of this court certified the question of the constitutionali-

---

1. "No law shall embrace more than one object, which shall be expressed in its title ...."

2. Perhaps the most perceptive of the decisions holding Elliot-Larsen constitutional severs the prohibition on the use of arrest records provision. *Miller v. Lansing Mercy Ambulance Service, Inc.,* No. 79–23515–NZ (Ingham County Circuit Court October 17, 1981).

3. "No person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of his civil or political rights or be discriminated against in the exercise thereof because of religion, race, color or national origin. The legislature shall implement this section by appropriate legislation."

ty of Elliot-Larsen to the Michigan Supreme Court under Michigan General Court Rule 797.2(a), (Docket No. 70924). The Michigan Supreme Court has not yet said whether it will accept the certification.

 It is in this context defendant had moved me to declare Elliot-Larsen unconstitutional. Were I to give plenary consideration to the question I would have to make an educated guess as to what the Michigan Supreme Court would decide if the question was presented to it. *Ann Arbor Trust Company v. North American Company For Life and Health Insurance,* 527 F.2d 526, 527 (6th Cir.1975) *cert. denied,* 425 U.S. 993, 96 S.Ct. 2206, 48 L.Ed.2d 818 (1975). The trial court decisions, while they could be considered, would not be precedent. Even the decision of the Michigan Court of Appeals would not serve as precedent. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). It has been made clear by the United States Supreme Court that a federal court in a diversity case is not required to attach precedential value to unpublished decisions of state courts. *King v. Order of Travelers,* 333 U.S. 153, 160–161, 68 S.Ct. 488, 492, 92 L.Ed. 608 (1948). However, this court "may give weight to the decisions of a trial court" in determining state law. *Bradley v. General Motors Corp.,* 512 F.2d 602, 605 (6th Cir.1975).

 Given the inordinate length of time it appears to be taking to resolve the question of the constitutionality of Elliot-Larsen, I find it would be inappropriate for me to stay my decision. *See Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817–818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Thompson, supra,* 519 F.Supp. at 1381. Rather so long as I am required to answer the question I am satisfied to follow Judge Fox's reasoning in *Thompson, supra,* and find that the Michigan Supreme Court would hold Elliot-Larsen constitutional and that the inclusion of the provision prohibiting the use of arrest records and the provision limiting the use of

polygraph tests, as well as the way its title initially read and was amended, would not cause it to declare the anti-discrimination provisions unconstitutional.

Defendant's motion is DENIED.[4]

---

4. Defendant's brief in support of its motion raises an interesting question regarding an advocate's duty. See *Commentary—The Advocate's Duty,* 16 Ga.L.Rev. 821 (Summer 1982).