SUN LIFE OF CANADA v VER KUILEN

Docket No. 78852. Submitted May 21, 1985, at Detroit.—Decided August 5, 1985.

Sun Life of Canada instituted an interpleader action in the Macomb Circuit Court when both the former wife and the widow of Robert A. Ver Kuilen, deceased, claimed the proceeds of a life insurance policy covering the deceased. Named as defendants were Mary Ann Ver Kuilen, the former wife, Mary Louise Daner Ver Kuilen, the widow and personal representative of the estate of the deceased, and others. The judgment of divorce between Mary Ann and Robert provided that Mary Ann agree to transfer free and clear unto Robert any and all right, title and interest in a Prudential Life Insurance Policy and a Knights of Columbus Insurance Policy on the life of Robert. The judgment further provided that Robert agree with Mary Ann that she will remain as the principal beneficiary named in said life insurance policies. The Sun Life of Canada policy was not mentioned in the judgment of divorce. Several weeks following the divorce, Robert surrendered his Prudential policy for a cash value of approximately $2,000. Following Robert's death, Mary Ann requested payment of the insurance proceeds from Sun Life and the Knights of Columbus and Sun Life instituted its interpleader action. Mary Ann also filed a claim in the Macomb County Probate Court against Robert's estate for damages resulting from the surrender of the Prudential policy. Mary Louise, as personal representative of the estate, contested the claim. The probate court claim was subsequently consolidated with the circuit court action. The circuit court, Ollie B. Bivins, Jr., J., thereafter entered a judgment and order which provided, in part, that the estate was not liable to Mary Ann as a result of Robert's surrender of the Prudential policy. Mary Ann Ver Kuilen appeals from that part of the order. *Held:*

The trial court did not err. Robert did not change the

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Divorce and Separation § 817 *et seq.*

Divorce: provision in decree that one party obtain or maintain life insurance for benefit of other party or child. 59 ALR3d 9.

beneficiary, he merely exercised one of the rights incident to ownership, *i.e.,* surrendering the policy for cash. Mary Ann was represented by counsel in the divorce proceedings and a provision requiring Robert to have maintained the policies could have been added.

Affirmed.

DIVORCE — PROPERTY SETTLEMENTS — INSURANCE.

A judgment of divorce which designates that one of the parties be named as the beneficiary on certain insurance policies on the life of the other party and which does not include a provision that the policies be maintained does not imply that the policies must be maintained; therefore, the insured may exercise a right incident to the ownership of such policies and surrender them to the insurer for their cash surrender value without liability to the named beneficiary.

*Jaffe, Snider, Raitt & Heuer, P.C.* (by *Susan M. Sutton* and *Stephen M. Atkinson*), for Mary Ann Ver Kuilen.

*Glime, Daoust, Wilds, Rusing & LeDuc* (by *Denis R. LeDuc*), for Mary Louise Daner Ver Kuilen, personal representative of the estate of Robert A. Ver Kuilen, deceased.

Before: GRIBBS, P.J., and D. E. HOLBROOK, JR., and C. W. SIMON,* JJ.

D. E. HOLBROOK, JR., J. Sun Life of Canada (plaintiff) instituted this action for interpleader when both decedent's former wife and his widow claimed the proceeds of one life insurance policy covering the deceased husband, Robert. This appeal as of right is brought solely by the former wife, Mary Ann, who protests only the trial judge's conclusion that Robert's estate was not liable for cash surrendering a life insurance policy on which she was listed as a beneficiary. Mary Ann contends that Robert had violated the terms of their divorce

* Circuit judge, sitting on the Court of Appeals by assignment.

judgment. The divorce agreement provided in pertinent part that:

"5. *INSURANCE:*
"The Plaintiff, MARY ANN VerKUILEN, hereby agrees to transfer free and clear unto ROBERT A. VerKUILEN, any and all right, title and interest that she may have in and to those certain life insurance policies, insuring his life, identified as follows:
"Prudential Life Insurance Policy #28-610-717, dated January 1st, 1962 in the face amount of $10,000.00;
"Knights of Columbus Insurance Policy #C-97891, dated November 6th, 1960 in the face amount of $10,000.00;
"Provided however, that ROBERT A. VerKUILEN hereby agrees with MARY ANN VerKUILEN that she will remain as the principal beneficiary named in said life insurance policies as she is now."

Several weeks after the divorce, Robert surrendered his Prudential policy for a cash value of approximately $2,000. Mary Ann alleges that this surrender violated the divorce judgment. She believes that the above clause implies that Robert was required to maintain these policies.

This is an issue of first impression. Does a judgment designating a beneficiary imply that the policy must be maintained? This is not the situation that occurred in *Morris v Morris,* 365 Mich 365; 112 NW2d 500 (1961), where the judgment clearly provided that the policies must be maintained in full force and effect. Rather, the clause itself states that Mary Ann was to relinquish all right, title and interest in the policies. Robert did not change the beneficiary, he merely exercised one of the right incident to ownership, *i.e.,* cash surrendering. *Isaac Van Dyke Co v Moll,* 241 Mich 255, 258; 217 NW 29 (1928), and *Fischer v Northwestern Mutual Life Ins Co,* 267 Mich 6, 12; 255 NW 337 (1934).

Mary Ann was represented by counsel in the divorce proceedings and a provision requiring Robert to have maintained the policies could have been added. We can find no authority that would prevent Robert from borrowing on the policies, cash surrendering them or letting the policies lapse. See MCL 500.4060; MSA 24.14060 and MCL 500.4062; MSA 24.14062. Accordingly, we find no error in the trial court's decision.

Affirmed. Costs to appellee.