**CHRYSLER FIRST BUSINESS CREDIT CORPORATION, a Delaware Corporation, Plaintiff,**

v.

**Gary A. ROTENBERG, Defendant,**

v.

**JOHN HANCOCK MUTUAL LIFE INSURANCE CO., Garnishee Defendant.**

No. 91–71274.

United States District Court, E.D. Michigan, S.D.

Feb. 25, 1992.

recover on a promissory note and guaranty executed by defendant, Gary A. Rotenberg (Rotenberg). On July 23, 1991, this Court entered judgment in favor of Chrysler for $160,775.22. To obtain payment of the judgment, Chrysler filed a garnishment on garnishee defendant, John Hancock Mutual Life Insurance Co. (John Hancock), seeking to obtain the cash value of three life insurance policies issued by John Hancock and owned by Rotenberg.[1] John Hancock declined to pay over the cash value of the policies on the ground that the cash value of the policies was not garnishable since Rotenberg did not make a demand upon John Hancock for their cash value. Now before the Court is Chrysler's Motion to Compel Compliance With Writ of Garnishment And To Compel Payment of Funds into Court. Rotenberg opposes the motion; John Hancock is ambivalent because of a 1928 Michigan Supreme Court Case subsequently discussed. Chrysler says that the cash value the policies is subject to garnishment, pursuant to Michigan's garnishment statute, M.C.L.A. § 600.4011, and Michigan Court Rule, MCR 3.101(G)(1). For the reasons which follow, the Court agrees; Chrysler's motion will be granted.

Alan Levine, Birmingham, Mich., for plaintiff.

Thaddeus Stawick, West Bloomfield, Mich., for defendant.

Brian Zahra, Detroit, Mich., for garnishee defendant.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

This is an action by plaintiff, Chrysler First Business Credit Corp. (Chrysler), to

### II.

#### A.

Nothing in Michigan's garnishment statute, M.C.L.A. § 600.4011, or the court rule, MCR 3.101, which addresses garnishment after judgment, suggests that a garnishee defendant such as John Hancock is not required to honor a garnishment simply because a policy holder has not made a demand for payment of the cash value. Indeed, MCR 3.101(G)(1)(a)[2] allows gar-

---

1. The three life insurance policies have a cash value of approximately $8,100.

2. MCR 3.101(G)(1)(a) states in relevant part
   (G) Liability of Garnishee
   (1) Subject to the provisions of the garnishment statute and any setoff permitted by law or these rules, the garnishee defendant is liable for

(a) all tangible or intangible property belonging to the principal defendant in the garnishee defendant's possession or control when the writ is served on the garnishee defendant, unless the property is represented by a negotiable document of title held by a bona fine purchaser for value other than the principal defendant.

nishment of *all* tangible or intangible property belonging to a principal defendant which is in the possession of a garnishee defendant.[3] MCR 3.101 on its face is intended to grant a judgment creditor the broad power to garnish all of a principal defendant's property in the possession of a garnishee defendant, whether or not the judgment creditor has made a demand for such property.

Under Michigan law, a judgment creditor's right to recover the property in the possession of a garnishee defendant is dependent solely on a principal defendant's right to recover such property from a garnishee defendant. *Carpenters Southern California Administrative Corp. v. Manufacturers National Bank of Detroit*, 910 F.2d 1339, 1341 (6th Cir.1990). It is undisputed that John Hancock is liable to Rotenberg for the policies' cash value and that he would be entitled to the cash value simply by making a demand for payment. Since Rotenberg has a right to collect from John Hancock the cash value, so too does Chrysler.

### B.

In arguing that John Hancock is not required to honor the writ of garnishment, John Hancock points to and Rotenberg relies on *Isaac Van Dyke v. Moll*, 241 Mich. 255, 217 N.W. 29 (1928), which held that the right to obtain an insurance policy's cash value was personal to the insured and that a garnishee defendant's obligation to pay the judgment creditor did not arise until the insured made a demand for payment. However, the holding of *Isaac* was based on garnishment statutes, 3 Comp. Laws 1915 §§ 13123, 13139, which have been repealed.[4]

Rotenberg says that M.C.L.A. § 600.4011 and MCR 3.101(G)(1) and the repealed statutes contain essentially the same language, and therefore the holding of *Isaac* continues as binding precedent. This is not so. Under the repealed statutes, a judgment creditor's right to garnish the cash value of an insurance policy hinged on the metaphysical determination of whether such cash value constituted a "debt" of a garnishee defendant, which was owed to an insured, that is the principal defendant. *Isaac*, 241 Mich. at 257, 217 N.W. 29.[5] However, as suggested *supra*, MCR 3.101(G)(1)(a) enhances a judgment creditor's garnishment rights by allowing the garnishment of all tangible or intangible property belonging to a principal defendant which is in the possession of a garnishee defendant.[6] The repealed statutes do not contain comparable language. Thus, whether or not the cash value of an insurance policy constitutes a debt of a garnishee defendant is no longer the dispositive issue. As a result, M.C.L.A. § 600.4011 and MCR 3.101 are

---

**3.** Moreover, MCR 3.101(G)(1)(d) states in further detail that a garnishee defendant is liable for "all debts, whether or not due, owing by the garnishee defendant to the principal defendant when the writ is served on the garnishee defendant ..."

**4.** 3 Comp. Laws 1915 §§ 13123, 13139 stated in relevant part:

From the time of the service of such writ, the garnishee shall be liable to the plaintiff to the amount of property, money goods, chattels and effects under his control, belonging to the principal defendant, or of any debts due or to become due from such garnishee to the principal defendant, or of any judgment or decree in favor of the latter against the former, and for all property, personal and real, money, goods, evidences of debt, or effects of the principal defendant, which such garnishee defendant holds, by conveyance, transfer or title that is void as to creditors of the principal

defendant, and for the value of all property, personal and real, money, goods, chattels, evidences of debt or effects of the principal defendant, which such garnishee defendant received or held by a conveyance, transfer or title that was void as to creditors of the principal defendant; and such garnishee defendant shall also be liable on any contingent right or claim against him in favor of principal defendant.

**5.** In *Isaac*, the Michigan Supreme Court held that the cash value did not constitute a debt of the garnishee defendant since the insured had not yet made a demand for payment. *Id.* at 259, 217 N.W. 29.

**6.** Neither Rotenberg nor John Hancock have cited a case suggesting that the cash value of an insurance policy is not tangible or intangible property within the meaning of MCR 3.101(G)(1)(a).

not, as Rotenberg says, substantively identical reincarnations of the repealed statutes.

### C.

In questioning whether the cash value is garnishable, John Hancock also points to *Landgraf v. Reinecke,* an April 15, 1988 decision of the Berrien County Circuit Court on appeal from a local district court, No. 86-2774. In *Landgraf,* the Berrian County Circuit Court, in a conclusory manner, held that *Isaac* is binding precedent on the right to obtain the cash value of an insurance policy by garnishment absent a demand for payment by the owner of the policy. The Court is not bound by the holding. *See Dunbar v. United States Insurance Co. of America,* 557 F.Supp. 228 (E.D.Mich.1983) (in diversity cases, federal court must make an educated guess what state supreme court would decide if question was presented to it, and decisions of state trial and appellate courts, while they may be considered, are not binding as precedent).

### D.

In the Court's view, the Michigan Supreme Court, if asked, would say that M.C.L.A. § 600.4011 and MCR 3.101(G)(1) permit a judgment creditor to garnish the cash value of an insurance policy, whether or not the insured has made a demand for payment. Chrysler's motion to compel is GRANTED.

SO ORDERED.