FRANK J. MALONEY *vs.* WILLIAM J. CASEY & trustee.

Essex.     March 18, 1895. — June 21, 1895.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Savings Bank charged as Trustee — Bond — Discretion of Justice — Rule as to Deposits.*

The statutes do not make the liability of a savings bank to be charged as trustee depend upon the plaintiff's complying with the rules of the bank, which were intended to regulate the conduct of a depositor in his relations with the bank; and it is unnecessary to determine whether it is within the power of the Superior Court to order the plaintiff to give a bond of indemnity to the trustee before entering judgment charging the trustee.

TRUSTEE PROCESS. Writ dated March 27, 1894, upon which the plaintiff attached, as the property of the principal defendant, a deposit to his credit in the hands and possession of the Haverhill Savings Bank of Haverhill.

Trial in the Superior Court, without a jury, before *Sherman*, J., who reported the case for the determination of this court, in substance as follows.

Judgment having been entered, by agreement, in favor of the plaintiff against the principal defendant upon the entry of the writ, the Haverhill Savings Bank, summoned as trustee of the principal defendant, filed its answer, alleging that at the time of the service of the writ it had a deposit of $654.79 standing in the name of William J. Casey, but that it did not know whether that deposit was or was not the property of the principal defendant, and later filed an amended answer, in which it alleged that when the deposit was made it had, and ever since had had, a rule that "no payment will be made without the presentation of the deposit-book," and that it ought not to be charged as trustee of the principal defendant until the book

issued to William J. Casey had been surrendered. Counsel for the plaintiff and the defendant having agreed that at the time of the service of the writ upon the alleged trustee there was a deposit to the credit of one William J. Casey of $667.87, that the alleged trustee did not know whether the principal defendant was or was not the William J. Casey who made the deposit, and that at the time when the deposit was made, and ever since, the bank had had the rule or by-law as to the withdrawal of money by depositors already referred to, the judge found that the principal defendant was the person who made the deposit, that the book issued on account thereof had been lost, that the principal defendant had not made any assignment or transfer of the deposit, or given any order for its payment, and ordered the bank adjudged a trustee of the principal defendant on account of the deposit. The bank requested the judge to order that judgment should not be entered against it as trustee without the production of the deposit-book, unless the plaintiff filed a bond to the satisfaction of the court conditioned to save the bank harmless. The judge refused to make such order.

If the findings, orders, and refusals by the judge were correct, and if the judge was authorized to make them, the order adjudging the bank trustee of the principal defendant on account of the deposit was to be affirmed; otherwise the court was to make such orders as law and justice might require.

*I. A. Abbott & F. H. Pearl,* for the trustee.

*S. W. Clifford,* for the plaintiff.

FIELD, C. J. We deem it unnecessary to determine whether it was within the power of the Superior Court in this case to order the plaintiff to give a bond of indemnity to the trustee before entering judgment charging the trustee. In ordinary actions at law, although there is no statutory authority, it has been deemed within the power of a court of common law to order such a bond to be given by the plaintiff to the defendant in certain cases where, on equitable considerations, a bond seems to be necessary or desirable to indemnify the defendant against the claims of other persons than the plaintiff on account of the same cause of action. This practice was adopted from the practice in suits in equity. *Potter* v. *Cain,* 117 Mass. 238. *Schmidt* v. *People's National Bank,* 153 Mass. 550.

The Pub. Sts. c. 183, § 33, are as follows: "When a savings bank or an institution for savings is charged as trustee, and in the opinion of the court there arises upon the answer a doubt as to the identity of the defendant, the court may in its discretion require the plaintiff to give bond, with surety or sureties to be approved by the court, and conditioned to save such bank or institution harmless from any loss or damage arising out of a payment by it pursuant to the order of the court." This is the only statutory provision on the subject in trustee process, and the finding of the court in the present case that the principal defendant is the person who made the deposit makes this section inapplicable. The trustee in this case is protected by the judgment of the court against assignments of which it had not received notice at the time it was charged. It is only when a trustee, having notice of an assignment, neglects to bring it to the notice of the court, or neglects to notify the assignee of the pendency of the suit, that the judgment charging the trustee is no bar to an action for the benefit of an assignee. *Wardle* v. *Briggs*, 131 Mass. 518. If we assume that the Superior Court had the power to order a bond in the present case, it was largely within its discretion whether it would exercise the power, and the facts found by that court show that there was no error in law in refusing to order a bond if under the circumstances the exercise of such a discretion is subject to revision by this court.

· The last contention is, that by the rules of the savings bank it was provided that "no payment will be made without the presentation of the deposit-book," etc., and that, as it has been found that the deposit-book in this case had been lost, and could not be presented, the bank is not liable to be charged in trustee process. Whether a depositor under such a rule can maintain an action against the bank without having presented or caused to be presented to the bank the deposit-book when the demand for payment is made, or whether the rule would be held not to apply to, or would not be enforced in, cases where the bankbook has been lost or destroyed, need not be considered. The statutes on trustee process plainly intend that credits in savings banks shall be subject to attachments by that process. These statutes have made no provision for compelling the principal defendant to surrender his deposit-book, and without such

compulsion the plaintiff usually could not obtain the book. The credits are attached and applied to the payment of the defendant's debt to the plaintiff, against the will of the defendant, and it has not been made a condition of the attachment that the plaintiff shall conform, in bringing his action, to all the rules which the defendant is required to observe before he can bring an action against the bank. The plaintiff in trustee process, where the depositor is the principal defendant, is not required to give the notice which the depositor is often required to give before he can demand payment of the bank. It is for the Legislature to say on what terms trustee process shall be maintained to reach the credits of the principal defendant, and the rules of the bank are not regarded as essential conditions, on a compliance with which the indebtedness of the bank to the depositor necessarily depends. We are of opinion that the statutes do not make the liability of the bank to be charged as trustee depend upon the plaintiff's complying with the rules of the bank, which were intended to regulate the conduct of a depositor in his relations with the bank.

*Judgment charging the trustee affirmed.*