**McGUIRK v. KYLE, Acting Collector of Internal Revenue.**

No. M–546.

District Court, E. D. Pennsylvania.

Nov. 28, 1934.

Rehearing Denied Feb. 25, 1935.

Bernard R. Cohn, of Philadelphia, Pa., for plaintiff.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa. (Thomas J. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., for defendant.

706

DICKINSON, District Judge.

Leave was given to file briefs in this cause, which are now before us.

The cause is unique in several features. In the first place, it grows out of the anomalous situation of the enforcement of the collection of an income tax against an insolvent. In the second place, the collection is sought to be made out of property which does not belong to the taxpayer. In the third place, the procedural features of the petition in the pending cause present novelties.

### The Fact Situation.

A policy of insurance was issued by the Travelers' Insurance Company upon the life of John J. McGuirk. The policy is payable to the petitioner, who is the wife of the insured. The policy has a small cash value. The collector has lodged with the insurance company a form of process called warrant of distraint. The practical effect is, of course, to tie up the money in the hands of the insurance company preventing the petitioner from receiving it. The only basis for the seizure is that the insured is the husband of the beneficiary, plus perhaps the feature that the beneficiary may be changed.

### Discussion.

The procedural questions suggested present a difficulty in formulating a subheading for the case. The purpose of the petition is to get rid of the distraint or attachment, whatever it may be called, so as to leave the insurance company free to meet the obligations of its contract. We understand that the collector submits himself to the ruling of the court and that the United States will abide by the decision reached. As this is a very gracious and at the same time proper attitude of the taxing authorities, we go directly to the question of the legal rights of the parties.

Basically the question is one of property right. If the moneys otherwise payable by the insurance company are found to be the moneys of the taxpayer and open to execution process, the prayer of the petition should be denied; otherwise it should be granted. All property rights are the creatures of the law. Under our plan of government we are amenable to dual systems of law. The petitioner and her husband are, for illustration, citizens of Pennsylvania and owe allegiance to the state and are subject to its laws. They are likewise citizens of the United States owing a like allegiance to it and subjection to its laws. Further under our system of government property rights are ordinarily determined by the laws of the state. Under the laws of Pennsylvania the moneys in question are the property of the beneficiary and not subject to any execution process against the husband. Act of June 28, 1923, P. L. 884 (40 PS Pa. § 517).

The attachment process here, however, is instituted under the law of the United States. Out of this situation the question presented arises. Congress has, fortunately for the petitioner, provided for just such a situation. Whenever any form of execution process issues out of a court of the United States, Rev. St. § 933 (28 USCA § 746), provides that the process writs shall be quashed, whenever under a like situation attachment process "would be dissolved upon like process instituted in the courts" of the state. It is admitted that the moneys in question could not be seized under process of the state courts. The like result would in consequence be visited upon process of the United States courts. Here a possible distinction can be made. Is the process in question "process" within the meaning of the cited statute? Because of the attitude of the taxing authorities, we do not go into this further than to state the conclusion reached that the process in question is within the provisions of the statute.

The conclusions reached are that the moneys in question belong to the petitioner and not to the taxpayer and are not subject to levy, distraint, or other execution process to enforce the collection of his debts.

In the brief submitted the question discussed is one of exemption from the operation of execution process. The proposition that such an exemption must be found in the laws of the United States and not in the laws of the state is fortified by the citation of numerous authorities. We, however, do not regard the question as one of exemption but one of property right. No one would stand for the proposition that the property of one man could be seized in satisfaction of the debt of another. The question of property right is determined, as before stated, by the laws of the state. Under the laws of Pennsylvania the property in question belongs not to the taxpayer and debtor but to another. The fact that the real owner happens to be the wife of the debtor taxpayer does not change the situation. The property in question cannot be seized under execution process, not because it is exempt, but because the defendant in

the execution process has no property rights in it.

The prayer of the petition should be granted.

An appropriate form of decree may be submitted.

### Sur Motion for Rehearing.

Leave was given to file briefs. These have now been submitted and the cause ripe for a ruling.

We do not discuss questions of procedure because, as before observed, counsel for defendant have very graciously, and at the same time sensibly, waived all procedural questions to which this cause may be open and meet the substantive question of law raised. This includes the proposition that the United States is not answerable to suit without its consent. The case as argued at bar is one against the insurance company. Is the debt which it admits owing to the taxpayer or is it the property of the wife? This makes of the question, as before stated, a question of property rights. An insurance policy was issued by an insurance company on the life of a husband in which the wife was named as a beneficiary, with power in the insured to change the beneficiary named. The policy has what is called a surrender or cancellation value. This is, the insurance company recognizes and would pay the wife except for the fact that what is called a distraint has been made upon it by the revenue representative of the government for a tax due by the husband. There is no claim on the part of the defendant that he could levy upon the property of one person for a tax obligation owing by another. The real question thus becomes whether the cancellation value of this insurance policy is the property of the wife or of the husband.

The quite elaborate and very satisfactory brief submitted by the learned United States attorney and his associates, the assistants to the Attorney General, in effect concedes that if the wife has a property interest in the surrender value of the policy in question, her property cannot be applied to the collection of a tax claim against the husband.

■ The argument addressed to us is made to lead us to the conclusion that this surrender value is the property not of the wife but of the husband, and that the Pennsylvania Act of June 28, 1923 (40 PS Pa. § 517), and each of those which preceded it, is in form and effect nothing more than the allowance of an exemption to the husband of property of this description from levy and sale. There goes with this, of course, the assumed corollary that an exemption law of the state would not affect the United States unless allowed by its laws. An illustration of this latter proposition is to be found in the Bankruptcy Laws (11 USCA). They allow to a bankrupt the like exemptions allowed under the state laws. The exemptions are accordingly allowed, not because allowed by the state, but because allowed by the laws of the United States.

■ The cause as ruled was ruled upon the propositions: First, that a property right is the creation of law and is created by the law of the state; and, second, that the courts of the United States recognize as property what is declared by the laws of the state to be property. The third proposition, that the surrender value of the policy is the property of the wife and not of the husband, is the proposition which is reargued. The statement "that the tax lien is a sweeping lien upon all property, both real and personal, and all right to property belonging to the delinquent taxpayer," for which counsel stands, is conceded but seems to beg the question of whether the property here is that of the taxpayer. The question moreover is narrowed, as we view it, to that of whether it is property of the wife under the law of Pennsylvania.

■ It may be further conceded arguendo for the purpose of presenting the point being made that if under the law of Pennsylvania it is the property of the taxpayer exempted by the laws of Pennsylvania from levy and sale under execution process, this exemption, as before stated, would not prevail against the United States unless the exemption laws of the state had been adopted by the United States. The question, as before several times stated, is: Whose property? When any money is payable under a contract of insurance to a designated person, it is clear that the person so designated is the owner of the money payable. The only distinction made is whether the money is the property of the named beneficiary where and when the insured has the right to make another and different designation. The Pennsylvania acts of assembly, as we read them, were passed to settle that question so far as affects the law of Pennsylvania. It does settle it so far as the enactment can do so by providing that insurance moneys payable to the wife as beneficiary are her property whether there is or is not the pow-

er in the insured to change the beneficiary, subject of course to the power to change.

This, we thought, and still adhere to the view, makes the fund in question the property of the wife. It is not the property of the husband merely exempted from levy and sale.

We owe to the industry of counsel citations of numerous authorities. These must be read in the light of applicable principles or they may be misleading. Bankruptcy rulings are of no help to us for obvious reasons. A property right in anything is essentially that a claimant's title to property is recognized and enforced by law. What Law? Under our system it is the law of the state. The law of the United States may, however, override this. An insolvent debtor pays his debt to a creditor who knows that the payment will work a preference. Under the state law the money paid is the property of the creditor payee. If, however, within four months a petition in bankruptcy is filed the money paid is under the Bankruptcy Law not the property of the creditor but of the trustee in bankruptcy. A like result may be worked by a state law. A debtor conveys property in fraud of his creditors. The property right passes to the grantee. The law, however, intervenes to say that as respects execution creditors the property is not that of the grantee but of the grantor. Moreover, the question in the bankruptcy cases is usually not over the title of the wife but over the title of the trustee. Title to so-called exempted property does not vest in the trustee. Hence the question of exemption.

Such was the case of In re Lang (C. C. A.) 24 F.(2d) 254.

By the same token succession tax cases have no application. A father, anticipating his death and the distribution of his estate, makes a gift of their expectant shares to his children. The property given becomes under the state law the property of the donees. The donor, however, dies within two years. Under the law of the United States the succession tax is measured by what his estate would have been had the gift not been made. In other words, for tax purposes, the property transferred is property of which the donor died possessed. The question is in tax cases not a question of title but what measures the tax.

The case of Industrial Trust Co. v. United States (Greene Estate v. United States) 9 F. Supp. 817, decided by the Court of Claims February 4, 1935, illustrates this. The opening sentence in the report of the case is that the question determined was "the net estate of decedent for the purpose of estate tax." The opinion of Judge Littleton makes this clear. The question of whether property is taxable, or whether it measures a tax, is wholly different from the question of ownership.

Whether a wife beneficiary in an insurance policy has a property right in it when the husband has the power of revocation, we will not discuss, standing upon the proposition that the law of the state so declares.

The reference in our former opinion to R. S. § 933 (28 USCA § 746) was made under the mistake that, whether this tax is a debt or not, the tax collector had resorted to legal process for its collection. This we now note was an error.

The case before us as presented is in effect a case stated to have the substantive law adjudged. We are not determining procedural rights.

The motion for a rehearing is denied, and the conclusion before reached confirmed.