**COLUMBIAN NAT. LIFE INS. CO. v. WELCH, Collector of Internal Revenue.**

No. 4304.

District Court, D. Massachusetts.

Aug. 3, 1936.

F. H. Nash and Bailey Aldrich, both of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., Robert H. Jackson, Asst. Atty. Gen., and Andrew D. Sharpe, Arthur P. Curran, and Edward H. Horton, Sp. Assts. to Atty. Gen., for defendant.

BREWSTER, District Judge.

The plaintiff, a Massachusetts corporation, is engaged in the business of life insurance, with its principal office in Boston, Mass. In its bill the plaintiff alleges that it has insured one James A. House, a resident of Ohio, by a policy of paid-up life insurance, in an amount of $2,500. A copy of this policy is attached to the bill of complaint. The policy contains the provisions permitting the insured to change the beneficiaries at any time, to borrow money on the security of the policy, and to receive the cash surrender value of the policy. At the present time, the cash surrender value of the policy, after deducting the indebtedness of the insured because of a loan on the policy, is $186.79. At present the beneficiaries are, and at all times material have been, children of the insured. It is further alleged that a notice of levy and warrant of distress have been served upon the plaintiff in an attempt to collect taxes, said to be due from the insured to the United States. The plaintiff seeks to have the warrant quashed, and the defendant, the collector of internal revenue for the District of Massachusetts, perpetually enjoined from attempting to collect taxes levied upon the insured from the plaintiff in this manner. The defendant has filed a motion to dismiss, on the grounds that the facts, as set forth, do not entitle the plaintiff to maintain such a suit; that an injunction in a case of this nature is forbidden by statutes of the United States; and that this court lacks power to quash such a warrant.

The plaintiff seeks to attack the present warrant on two grounds, namely: That the beneficiaries in the present case have such an interest as to prevent the proceeds of the policy from being reached to pay the taxes of the insured; and that, in any event, the defendant can have no right to the proceeds of the policy without surrendering physical possession of the policy, as the insured would have been required to do before receiving the cash surrender value.

As to plaintiff's first objection, the Ohio Code, section 9394, as amended by 103 Ohio Laws, p. 558, provides as follows:

"All policies of life insurance * * * for the benefit of * * * wife or children, or any relative dependent upon such person, or any creditor, shall be held subject to a change of beneficiary if desired

* * * free and clear from all claims of the creditors of such insured person; and the proceeds or avails of all such life insurance shall be exempt from all liabilities from any debt, or debts, of such insured person."

The statutory authority of the collector to make a levy under the present circumstances is to be found in section 3188 of the Revised Statutes (U.S.C. title 26, § 1582, 26 U.S.C.A. § 1582), which provides:

"In case of neglect or refusal, * * * the collector may levy, or by warrant may authorize a deputy collector to levy, upon all property and rights to property, except such as are exempt by the preceding section, belonging to such person, or on which the lien * * * exists."

It is necessary to determine, therefore, first, whether the insured, under the law of Ohio, has any "property and rights to property" in this policy, within the meaning of the above-quoted statute; and, second, whether the Ohio statute, set out above, prevents such rights from being reached for taxes, or converts them into rights belonging to the beneficiaries.

In Cannon v. Nicholas (C.C.A.) 80 F. (2d) 934, a collector seized, under warrant of distress, three policies of life insurance, payable to the wife of the insured, and containing a right to change the beneficiary. The policies were advertised for sale in their entirety. Before the sale was held, these proceedings were begun to quash the warrant of distress. The court said that if the wife had any property rights in these policies under the law of Colorado, which governed the case, such rights could not be taken for the taxes of the husband. The court then held that, under the law of Colorado, a wife had certain rights in a policy for her benefit, even where the policy contained a right to revoke or change the beneficiary. The court went on to say, however, that it by no means followed that the husband might not also have property rights in such a policy which would be subject to levy for the payment of taxes, intimating that if these rights only were levied upon, the levy would be proper. Since the collector had attempted to seize the entire policies, however, the court enjoined a sale on such terms.

In Kyle v. McGuirk (C.C.A.) 82 F.(2d) 212, the collector issued a warrant of distraint, directing that a levy be made upon the property rights of a taxpayer in an insurance policy on his own life. The policy contained a right to change the beneficiary and to receive the cash surrender value of the policy. A Pennsylvania statute provided that the net amount, payable under any policy of life insurance for the benefit of the wife of the insured, should be exempt from all claims of creditors. The District Court held that as a result of this statute, the wife was given an interest by state law of such a nature as to prevent a levy. 10 F.Supp. 705. The decision of the District Court was reversed. The court held that the Pennsylvania statute was an exemption statute, not a statute defining property rights in insurance policies, and therefore not applicable ex proprio vigore to a tax case. The court further held that the insured had sufficient property rights in such a policy under state law, to subject those rights to distraint for nonpayment of taxes.

Under the Ohio decisions, a beneficiary under a policy containing a right to change the beneficiary is said to have a mere expectancy, not a vested interest. Katz v. Ohio National Bank, 127 Ohio St. 531, 191 N.E. 782; Oetting v. Sparks, 109 Ohio St. 94, 143 N.E. 184. It would appear, therefore, that under the law of Ohio, the property in this policy remained in the insured until his death, at which time the right to the proceeds would become vested in the then existing beneficiary. In any event, it is evident that the insured, under a policy retaining a right to change the beneficiary, and containing a right to receive the cash surrender value of the policy, has certain rights, in the nature of property rights. Cohen v. Samuels, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143; Chase National Bank v. United States, 278 U.S. 327, 49 S.Ct. 126, 73 L.Ed. 405, 63 A.L.R. 388. It is equally evident that the Ohio statute here involved does not differ in any material manner from the Pennsylvania statute considered in Kyle v. McGuirk, supra. The instant case, accordingly, seems indistinguishable in principle from Kyle v. McGuirk, supra, and Cannon v. Nicholas, supra.

The plaintiff also argues that the proceeds of a policy cannot be reached by distraint unless the policy is itself surrendered. It is doubtless true that the plaintiff would be entitled to insist upon surrender of the instrument before paying over to the insured the cash

surrender value. I do not believe, however, that compliance with conditions of this nature is within a fair interpretation of the statutes authorizing distraint. A life insurance policy is not a negotiable instrument. Such provisions, therefore, were inserted merely for the convenience of the plaintiff and should not serve as a means of avoiding the obligation imposed by federal statutes relating to collection of taxes by distraint. The plaintiff will presumably be protected against further suit by the insured by payment under the warrant of distress.

I have not been able to find any case exactly in point. In the somewhat analogous instance of the requirement of savings banks that the deposit book be produced when withdrawals are sought, it has been held that this condition cannot defeat the right of a creditor to reach the deposit by trustee process. Maloney v. Casey, 164 Mass. 124, 126, 41 N.E. 104.

Following the reasoning of that case, it would seem that an insurance company could not, by incorporating provisions for its benefit, affect the authority of the defendant, as collector of internal revenue, to collect a federal tax by distraint upon property of the taxpayer.

It is my conclusion, in view of the foregoing, that the plaintiff does not make out a case entitling it to injunctive relief, nor is the court justified in quashing the warrant.

A decree may be entered dismissing the bill of complaint.