**COLUMBIAN NAT. LIFE INS. CO. v. WELCH, Collector of Internal Revenue.**

**No. 3206.**

Circuit Court of Appeals, First Circuit.

Feb. 12, 1937.

F. H. Nash, of Boston, Mass. (Bailey Aldrich, of Boston, Mass., on the brief), for appellant.

Edward H. Horton, Sp. Asst. to Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., and Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

PER CURIAM.

We perceive no ground for this suit. The bill contains no allegation of threatened or irreparable injury to the plaintiff by seizure of its property for the debt of another [see Lion Coal Co. v. Anderson, 62 F.(2d) 325, 328 (C.C.A. 10)], and nothing is alleged which takes the case out of provisions of Revised Statutes, § 3224 (26 U.S.C.A. § 1543), that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.

The "Notice of Levy" served upon the plaintiff by the collector stated that all rights of property belonging to the taxpayer, House, and "all sums of *money owing from you* to the said James Arthur House are hereby seized and levied upon for the payment of the aforesaid tax * * * and demand is hereby made upon you for the sum of * * * $1049.35 of the amount

334

now *owing from you* to the said James Arthur House or for such lesser sum as you may be *indebted to him,* to be applied in payment of the said tax liability." The warrant of distraint states the amount of tax due and directs the collector to levy upon by distraint and to sell so much of the goods, chattels, effects, or other property or rights of property including stocks, securities, evidences of debt of the person liable *on which a lien exists* for the tax or taxes, etc. (Italics supplied.)

No stated amount is demanded nor is any property of the taxpayer or of the plaintiff specified as that affected by the distraint and subject to seizure. In United States v. Bank of Shelby, 68 F.(2d) 538 (C.C.A. 5), the collector claimed a bank deposit standing in the name of the taxpayer and served a warrant of distraint upon the bank. The bank, asserting a right of set-off, refused to pay the collector on the warrant. The collector then brought an action at law to determine the rights of the parties. In United States v. Bank of United States (D. C.) 5 F.Supp. 942, the same situation was dealt with in the same way. This appears to be the proper procedure. The plaintiff has an adequate remedy in its right to defend any action at law that may be brought against it. See, too, United States v. Western Union Telegraph Co. (C.C.A.) 50 F.(2d) 102.

The judgment of the District Court is affirmed, with costs.