## UNITED STATES v. METROPOLITAN LIFE INS. CO.

### Civil No. 973.

District Court, E. D. Pennsylvania.
Jan. 6, 1941.

Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

Owen B. Rhoads (of Dechert, Smith & Clark), of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

The United States of America brought suit under Section 3710(b), 26 U.S.C.A.

Internal Revenue Code,[1] to obtain personal judgment against the defendant, the Metropolitan Life Insurance Company, as a penalty for failure to surrender to the Collector of Internal Revenue property or rights to property belonging to one Sall, a delinquent taxpayer, which property was subject to restraint and was in the hands of defendant at the time the Collector made his notice and demand. The property in question was the value of a certain policy of insurance issued by the defendant on the life of Sall. The complaint alleged that Sall owes to the United States of America the sum of $1,408.10 for unpaid taxes.

The defendant filed a motion to dismiss under the provisions of Rule 12(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The motion to dismiss is premised on the contention of the defendant that Sall is an indispensable party to the suit, since he has certain "rights" under the policy which can only be exercised by him, viz., the right to change his beneficiary and the right to a cash surrender value of the policy.

Defendant bases its contention on the rule of law that where the non-resident defendant is an indispensable party the court cannot proceed to adjudicate the case in his absence and the suit must therefore be dismissed: Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S. Ct. 10, 54 L.Ed. 80; Shields v. Barrow, 17 How. 129, 58 U.S. 129, 130, 15 L.Ed. 158; Wyoga Gas & Oil Corp. v. Schrack, D.C., 27 F.Supp. 35. Sall is a resident of Los Angeles, California.

■■■ The motion to dismiss is without merit and must be denied. The statute authorizing the Internal Revenue Collector to collect Federal income tax by distraint from a person who has property or rights to property of taxpayers in his hands is designed to protect the right of the sovereign in the collection of his taxes: Karno-Smith Co. v. Maloney, D.C., 28 F.Supp. 907, 910, 912. Section 3710 extends to the government the power to reach property rights of the recalcitrant taxpayer although such property or property rights are in the possession of a third person. It is well established that the only defenses available in an action to enforce the statutory liabilities pursuant to Section 3710(a) (b) are those expressly permitted by the statute itself, namely, where there is no property or rights to property of the taxpayer in the possession of the defendant, or such property or property right is, at the time of demand, subject to an attachment or execution under judicial process. See Kyle v. McGuirk, 3 Cir., 82 F.2d 212; United States v. Long Island Drug Co., D.C., 29 F.Supp. 737; Columbian National Life Insurance Co. v. Welch, D.C., 15 F.Supp. 777, affirmed 1 Cir., 88 F.2d 333; and Karno-Smith Co. v. Maloney, supra. See also United States v. First Capital National Bank, D.C., 13 F. Supp. 380, affirmed, 8 Cir., 89 F.2d 116; United States v. American Exchange Irving Trust Co., D.C., 43 F.2d 829.

■■■ Section 3710(b) is entirely a penal statute directed against persons who refuse to surrender property to the Collector as required by Section 3710(a), and accordingly no other parties are necessary to the suit.

In the instant case it is argued that the proceeds of the policy cannot be reached by the action unless the policy itself is surrendered. That contention was rejected in the Columbian National Life Insurance Co. v. Welch case, above cited.

For the reasons stated, the motion to dismiss is denied.

---

[1] "§ 3710. Surrender of property subject to distraint

"(a) Requirement. Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process.

"(b) Penalty for violation. Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, together with costs and interest from the date of such levy."