**UNITED STATES v. MASSACHUSETTS MUT. LIFE INS. CO.**

No. 594.

District Court, D. Massachusetts.
April 22, 1941.

Michael Gould, Sp. Asst. to the Atty. Gen. (Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe, Sp. Asst. to the Atty. Gen., on the brief), for plaintiff.

F. H. Nash (of Choate, Hall & Stewart) and Raymond P. Baldwin (of Stewart, Chase & Baldwin), both of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action brought under 26 U.S. C.A. Int.Rev.Code, § 3710, wherein the

United States seeks a judgment against the defendant to the extent of the value of property (or rights to property) in its hands belonging to one Edwin G. Robinson, Jr., which it failed to surrender on plaintiff's levy and demand. Except as to one dividend item, about which there is no controversy, and which will be disposed of later in this decision, the defendant denies that the plaintiff has stated a claim on which relief can be granted, because Edwin G. Robinson, Jr., the insured, and Frances G. Robinson, the beneficiary, under a life insurance policy, are necessary and indispensable parties, and have not been joined in this action. The defendant also alleges that, under the terms of the policy between the defendant and the insured, and under the law with respect thereto, the net cash surrender value of the policy is not subject to distraint by the Collector of Internal Revenue. It further defends on the ground that, under the terms of the policy, there has been no election by the insured or the beneficiary to presently receive the benefits of the cash surrender value, and, accordingly, that there is no money presently due the insured Robinson. It further defends on the ground that the insurance company has been informed by the insured Robinson that he owes nothing to the plaintiff, and, this being so, it cannot be held by the plaintiff in the absence of joining Robinson as a party defendant. In further defense, it says that if held liable in this suit to the plaintiff it may also be held liable in another suit by the insured, and hence it would be denied the due process of law guaranteed by the Fifth Amendment of the Constitution.

### Findings of Fact.

The following stipulation of facts has been filed by the parties which this court adopts as its findings of fact:

"1. This is a suit by the United States under the authority and direction of the Attorney General and at the request and with the consent of the Commissioner of Internal Revenue arising under and by virtue of the laws providing for internal revenue and the collection thereof, particularly Section 3710 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3710.

"2. The defendant is a corporation organized under the laws of Massachusetts engaged in the transaction of the business of life insurance in the State of Massachusetts and in many other states of the United States, including the States of Washington and Oregon, at all the times hereinafter mentioned.

"3. Shortly after September 28, 1908, in the State of Washington, the defendant delivered to Edwin G. Robinson, Jr., then a resident of said state, in consideration of a premium there paid to it, a policy of life insurance on his life, No. 245474. The policy was a twenty-payment life policy in the face amount of Two Thousand Dollars ($2000). A copy is hereto annexed marked 'A'. This is a photostat of a document manufactured from the records, not a photostat of the original policy, but the company believes it to be a true duplicate. This policy was duly kept in force by the payment of premiums for twenty (20) years and became fully paid up on September 28, 1928.

"4. Upon security of said policy, the insured received from the defendant a loan of Four Hundred Fifteen Dollars ($415) on December 29, 1916, upon which the insured was obliged to pay interest at the rate of six percent (6%) per annum. No part of said loan has been repaid.

"5. The net cash surrender value of said policy on December 5, 1939, was Nine Hundred Forty-Four Dollars and Ninety-One Cents ($944.91) payable under the terms of the policy on legal surrender of the policy.

"6. The beneficiary named in the policy at its issuance and ever since has been Frances G. Robinson, wife of the insured. At all the times mentioned in the complaint and now the domicile of the insured and his wife has been in the State of Oregon and their residence has been and is 1423 Sixth Street, S.W., Portland, Oregon. Both are now living. On July 29, 1939, the insured by a writing filed at the Home Office of the defendant notified it that he surrendered and released his right to change the beneficiary and made his said wife the irrevocable beneficiary under the policy. A copy of said writing, dated July 26, 1939, is hereto annexed marked 'B'.

"7. The plaintiff has not seized the actual physical policy.

"8. On November 29, 1939, two papers entitled 'Notice of Levy on Policy No. 245,-474' and 'Warrant for Distraint', and on December 5, 1939, a 'Final Notice and Demand', were served upon the defendant at its Home Office at Springfield, Massachusetts, by a Deputy Collector of Internal Revenue. A copy of each is annexed marked respectively 'C', 'D' and 'E'. Notice of levy

and warrant for distraint were served on the defendant by serving the General Agent, Philip Englehart, at Portland, Oregon, under date of June 17, 1939. A copy of each is annexed hereto and marked 'F' and 'G'. The cash surrender value June 17, 1939, was $945.43.

"9. On November 28, 1939, the date of the 'Notice of Levy', the cash surrender value of the policy was $945.40. On December 5, 1939, the total amount payable according to the terms of the policy, including dividend accumulation, was $957.59, made up as follows:

| Value of the policy | | $1452.00 |
| 1939 Dividend | | 12.68 |
| | | 1464.68 |
| Policy Loan | $415.00 | |
| Interest | 92.09 | 507.09 |
| Net cash value | | $957.59" |

I also find that a levy and warrant of distraint were served on the defendant on June 17, 1939, and that on July 26, 1939, the taxpayer mailed his policy to the defendant with the request to make his wife the irrevocable beneficiary instead of the revocable beneficiary as theretofore. I find that on August 9, 1939, the defendant mailed the policy back to the insured declining to make the required indorsement because it had already received notice of the Government's lien on the policy.

### Discussion.

The statute involved, 26 U.S.C.A. Int. Rev.Code, § 3710, reads as follows:

"(a) *Requirement.* Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process.

"(b) *Penalty for violation.* Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, together with costs and interest from the date of such levy."

Except for United States of America v. Metropolitan Life Ins. Co., D.C., 36 F.Supp. 399, which was decided on January 6, 1941, no other case has been called to my attention which involves the identical question presented here.

In Columbian National Life Ins. Co. v. Welch, D.C., 15 F.Supp. 777, the court denied the insurance company's application to quash a notice of levy and warrant of distraint, and to enjoin the collector from attempting to collect taxes levied upon the insured. The court, after discussing the statute, concluded that a case was not made out for injunctive relief, and that there were no grounds to quash the warrant. It dismissed the insurance company's bill. This decision was affirmed by the Circuit Court of Appeals, 1 Cir., in 88 F.2d 333, particularly on the ground that the plaintiff was not entitled to an injunction against the collection of taxes by reason of 26 U.S.C. A. § 1543, 26 U.S.C.A. Int.Rev.Code, § 3653. It also decided that there was an adequate remedy at law in the insurance company's right to defend any action that might be brought against it. Such an action at law is the present one. While some of the language of the lower court in the Welch case touches upon the question before me, I do not feel bound by that decision under the stare decisis rule, since the identical question was not present in that case.

The question here presented is whether the defendant is liable under Section 3710 of the Internal Revenue Code, for failure to surrender to the plaintiff, after notice of levy and demand, the cash surrender value of an insurance policy issued on the life of a taxpayer where the insurance policy provides that the insured may change the beneficiary, and where neither the insured nor the beneficiary of the policy are joined as parties defendant.

In United States of America v. Metropolitan Life Ins. Co., supra, the court denied a motion to dismiss filed by the insurance company, stating that the action to enforce the statutory liabilities under Section 3710 (a) and (b) is entirely a penal statute directed against persons who refuse to surrender property to the collector, and that other parties (such as the insured or the beneficiary) are unnecessary, and cited Columbian National Life Ins. Co. v. Welch, supra, in support of its decision. As previously pointed out, the Welch case did not go into the same question which is present here, but merely decided that an injunction

would not be granted to restrain an attempt to enforce this statute. In the Metropolitan case the court also held that the only defenses available to an insurance company are those expressly permitted by the statute, namely, that there is no property or rights of property of the taxpayer in possession of the defendant, or that such property is at the time of demand subject to other attachment. The difficulty with this broad interpretation of the statute is that it extends it to property of all kinds, and seems to pay no attention to the limitation in the statute—"property, or rights of property, subject to distraint". The words "subject to distraint" must have a specific meaning.

■■ The action here is for a penalty, and in order to determine the amount of the penalty under Section 3710 (b), it is necessary to determine the value of the property of the taxpayer which the defendant has failed to surrender. I can follow the reasoning of United States of America v. Metropolitan Life Ins. Co., supra, only so far as the amount due the taxpayer by the defendant is a liquidated, ascertained amount. See, also, United States v. Long Island Drug Co., D.C., 29 F.Supp. 737. The value of the taxpayer's property right is determinative of the amount of the defendant's penalty, if any, for the statute says that the liability shall be "in a sum equal to the value of the property or rights not so surrendered". The exact question for this court to decide is whether the taxpayer's property right in the insurance contract is necessarily the cash surrender value of the policy. I think that this question must be answered in the negative. In Lucas v. Alexander, 279 U.S. 573, at page 579, 49 S.Ct. 426, at page 428, 73 L.Ed. 851, 61 A.L.R. 906, in rejecting the government's theory that the values of the insurance policies did exceed the loan value on a particular date, the court stated, "its fair value on the critical date is not necessarily what might then have been realized upon it by a forced liquidation by accepting the unfavorable loan or cash surrender value." See, also, Commissioner of Internal Revenue v. Madeleine D. Powers, 1 Cir., 115 F.2d 209, affirmed by the Supreme Court of the United States, February 3, 1941, 61 S.Ct. 509, 85 L.Ed. —— wherein it is stated, 115 F.2d at page 212, that: "We do not think that the cash surrender value of a policy on any given date is necessarily its real value * * *."

■ The value of this taxpayer's property or right to property in the hands of the defendant might be affected by his age, his physical condition, and even by his financial condition. In short, it is not a liquidated and ascertained thing, and in the absence of the insured and the beneficiary, as parties defendant, it cannot be determined. The value of this policy, as such, lies somewhere between its cash surrender value and its face amount. Just where it falls ought not to be determined in the absence of the contracting parties. They have real interests in the property, and should be heard. Before the Government can secure the penalty against this insurance company for its failure to turn over, it is required to prove the value of the thing that it alleges was not turned over. This requirement has not been fulfilled by filing a claim for a cash surrender value of the contract. Those having an interest in the property which the Government seeks should be given an opportunity to be heard on the question of its value.

Inasmuch as the plaintiff can institute a suit in the United States District Court in the State of Oregon in which that court will have before it not only the present parties litigant, but also the insured and the beneficiary, I deem it advisable to dismiss this action, not only on the legal grounds set forth above, but, if important, as a matter of discretion. No short cut, such as is attempted here, is justified by anything that has been brought to my attention.

The defendant has filed a motion to enter judgment in favor of the plaintiff in the sum of $12.68, this being the amount admittedly due the insured as a dividend. This amount of money, being in the nature of a debt due the insured, should have been turned over to the Collector of Internal Revenue on the date of demand, December 5, 1939. While the defendant's failure to turn this money over may have been the result of an oversight, nevertheless, there is no reason why the penalty should not attach.

## Conclusions of Law.

■ I therefore rule as a matter of law (1) that the plaintiff has not established, and cannot establish, the value of the taxpayer's property right in the insurance contract without joining both the insured and the beneficiary as parties defendant; (2) that the net cash surrender value of the policy, $944.91, is not a debt from the company to the taxpayer; (3) that the lien of the Unit-

ed States upon the taxpayer's interest in the policy is subject to the existing rights of the beneficiary; (4) that whether or not the rights of the beneficiary in the policy were irrevocable after notice by the insured to the company, nevertheless, she has had at all times a property right therein which is inseparably intertwined, while the policy is in force and the insured and beneficiary are living, with the insured's property right therein; (5) that the defendant has no power to surrender to the Collector the taxpayer's own exclusive right in the policy separated from the rights of the beneficiary; it has no power to surrender to the Collector any of the beneficiary's rights; (6) that the contingent right of the taxpayer's estate to the proceeds of the policy depends upon whether the taxpayer survives the beneficiary; and (7) that if this is an action to enforce the plaintiff's lien upon the taxpayer's right in the policy, the insured and beneficiary are indispensable parties.

The defendant's requests for rulings numbered 1, 3, 5, 7, 8, 9, 12, 13, and 15 are denied.

Judgment is to be entered for the plaintiff in accordance with the defendant's motion in the amount of $12.68, with interest at six per centum from December 5, 1939, and with costs, both up to March 1, 1941.