## UNITED STATES v. METROPOLITAN LIFE INS. CO. et al.

District Court, S. D. New York. Aug. 15, 1941.

---

92

Mathias F. Correa, U. S. Atty. for Southern District of New York, of New York City (Jerome H. Doran, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Tanner, Sillcocks & Friend, and Harry Cole Bates, General Counsel of Metropolitan Life Ins. Company, all of New York City (Frederick H. Nash, of Boston, Mass., of counsel), for defendant Metropolitan Life Ins. Co.

CLANCY, District Judge.

The defendant Metropolitan Life Insurance Company issued two life insurance policies to Frank P. Nistle. The legal representative of the insured's estate was beneficiary of one policy; his wife and daughter were beneficiaries of the other. The insured has reserved the right to change the beneficiaries. The insured became liable for income taxes in the amount of $5,047.43 and, on November 25, 1936 and again on December 4, 1937, the Collector of Internal Revenue at Philadelphia, Pennsylvania, made a demand upon the General Agent of the Metropolitan at Reading, Pennsylvania, for the payment to him of the net cash surrender value of these policies in partial satisfaction of the taxes, pursuant to 26 U.S.C.A.Int.Rev. Code § 3710(a), which demands were not complied with. The surrender value at the time of the final demand amounted to $2,096.67. The insured and the beneficiaries are all citizens and residents of Reading, Pennsylvania, and have not been made parties to this action except that the insured has been served as a nonresident, pursuant to 28 U.S.C.A. § 118. Defendant disputes this service but we attach no importance to it. Plaintiff moves for summary judgment and the sole question before us is whether the defendant Metropolitan Life Insurance Company had or lacked justification for its refusal to comply with the demands of the Collector of Internal Revenue, since this action is brought pursuant to § 3710(b) of 26 U.S.C.A.Int.Rev.Code, to enforce a statutory penalty.

Section 3710 reads in part as follows: "(a) Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector * * * making such levy, surrender such property or rights to such collector. * * * (b) Any person who fails or refuses to so surrender * * * shall be liable in his own person and estate to the United States in a sum equal to the value of the property

or rights not so surrendered * * *." The issue here is whether or not the Metropolitan was at the time when the demands were made upon it "in possession of property, or rights to property, subject to distraint." The plaintiff claims that the net cash surrender value of the policies which the insured could elect to receive by complying with certain contractual requirements constituted property of the insured in the hands of Metropolitan which is "subject to distraint", without compliance with the contractual requirements.

Title 26 U.S.C.A.Int.Rev.Code, § 3690 provides as follows: "If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector * * * to collect the said taxes, * * * by distraint and sale, * * * of the goods, chattels, or effects, including stocks, securities, bank accounts, and evidences of debt, of the person delinquent as aforesaid."

■ The Metropolitan argues that because a life insurance policy is not named in the above section it is not a proper subject of distraint. We agree only with its conclusion. The rule of construction that the expression of one thing is the exclusion of another, we think unavailable here. Cannon v. Nicholas, 10 Cir., 80 F.2d 934. The true premise for the conclusion is that its very nature prohibits its inclusion in the language or sense of the quoted statute.

The insured here at the times of demand had a property right in the two policies. Cohen v. Samuels, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143; Holden v. Stratton, 198 U.S. 202, 25 S.Ct. 656, 49 L.Ed. 1018. But this property right is only inchoate and to translate it into an actionable right such as could be taken from him, action by him against the insurance company was a necessary condition. In the case of United States v. Long Island Drug Co., Inc., 2d Cir., 115 F.2d 983, 986, it was held that "rights which do not exist at the time of the demand upon the taxpayer are not subjected to any lien. * * * Here there was no showing that the taxpayer had any claim against the Drug Company when the demand upon him for payment was made." So in the case at bar; when demand was made, the insured had no claim against the Metropolitan, for the cash surrender value, but rather had a series of rights under the terms of the contract of insurance and as defined by them. One of these rights gave him the power to elect to surrender the policy for its cash surrender value. No one here has that power nor any power to compel him to act. There is a distinction between this and a claim vested in the insured against the insurer, at the time of the demands.

■ The plaintiff's attempted analogy between a trustee in bankruptcy and the collector here is not even colorable. The plaintiff, though a sovereign, has here the standing and the rights and powers of a general creditor and no more. It has not the power of a trustee in bankruptcy. Section 70, sub. a(3) of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. a(3), provides that a trustee shall be vested with all "powers which he [the bankrupt] might have exercised for his own benefit." This power in a trustee makes it possible for him to convert a contractual right to elect a cash surrender value of an insurance policy into a liquid asset upon complying with contractual conditions. Cohen v. Samuels, supra; Martin v. New York Life Ins. Co., 7 Cir., 104 F.2d 573. The surrender of the policy as a form of election is not a mere formality. Martin v. New York Life Ins. Co., supra. A contract of life insurance is indeed a species of property. Burlingham v. Crouse, 228 U.S. 459, 33 S.Ct. 564, 57 L.Ed. 920, 46 L.R.A.,N.S., 148. It evidences the right to collect a sum certain upon the death of the insured. This contract also stated other rights conditioned on other facts but conditioned nevertheless and nonexistent until performance of the conditions occurred. In the absence of an election by the insured or one vested by operation of law with the power so to do, we think it incorrect to speak of a present property right in the cash surrender value which would result only from such an election.

■ The plaintiff argues that unless a decision favorable to it is reached, "an avenue of escape where money could be put beyond the reach of the Collector" would result. The argument is without merit. The Government has a complete and adequate remedy under 26 U.S.C.A.Int. Rev.Code, § 3678. It must be remembered that the beneficiaries have a property right in these policies until the insured or one having the power so to do divests them of it in accordance with the terms and

conditions of the contract. We think these rights cannot be summarily disposed of as attempted here.

Our attention has been called to a similar case, United States v. Metropolitan Life Ins. Co., D.C., 36 F.Supp. 399, 400, in which a motion to dismiss the complaint, similar to the one before us, was denied. The Court there held that "* * * the only defenses available in an action to enforce the statutory liabilities pursuant to Section 3710(a) (b) are those expressly permitted by the statute itself, namely, where there is no property or rights to property of the taxpayer in the possession of the defendant, or such property or property right is, at the time of demand, subject to an attachment or execution under judicial process." Since neither of these defenses was raised the motion was denied. In the case at bar, however, the defense that no property exists is asserted.

The plaintiff argues that the cash surrender value is subject to distraint and the policy provision requiring its surrender is merely for the benefit and convenience of the insurer and cannot affect or hinder the authority granted by Congress for the collection of taxes by distraint, citing the case of Columbian Nat. Life Ins. Co. v. Welch, D.C., 15 F.Supp. 777, affirmed, 1 Cir., 88 F.2d 333. Even assuming this to be the fact, and we have previously expressed a contrary opinion, the insured, before he can have a claim against the insurer for the cash surrender value, must necessarily release the latter from its promise to pay upon his death by expressing his intention to accept the cash surrender value in lieu thereof. No right in the creditor here has been claimed and we can find none which would enable it to elect for the insured.

The motion is denied.