**UNITED STATES v. PENN MUT. LIFE INS. CO.**

No. 990.

District Court, E. D. Pennsylvania.

Oct. 28, 1941.

Gerald Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Michael Gould, Sp. Assts. to the Atty. Gen., for plaintiff.

Robert Dechert and Owen B. Rhoads, both of Philadelphia, Pa., and F. H. Nash, of Boston, Mass., for defendant.

KIRKPATRICK, District Judge.

This is an action by the United States to recover a penalty from the defendant Insurance Company, under 26 U.S.C.A. Int. Rev.Code, § 3710, on the theory that the defendant is in possession of a property right of the delinquent taxpayer and has failed to surrender it after demand. The defendant insured the taxpayer's life by a policy providing for certain specified cash surrender values. The beneficiaries are the son and daughter of the insured, but he has the right to change the beneficiaries without their consent. The cash value is payable only upon surrender of the policy by the insured. The insured and his beneficiaries are citizens and residents of Ohio. Neither the insured nor the beneficiaries have elected to take the cash surrender value, and the defendant has never received the consent of any of them to a surrender of the policy. The reserve upon the policy, on the basis of which its cash surrender value is computed, is a part of the defendant's general assets held to enable the defendant to respond to its contract obligations to all policyholders. The defendant does not maintain a separate fund as a reserve for any individual contract of insurance.

The action lies only in respect of property rights subject to distraint. Section 3710(a). Section 3690 confers authority to distrain upon the collector. While it specifies "goods, chattels, or effects, including stocks, securities, bank accounts, and evidences of debt," it has been held that the list is not intended to be exclusive, and that all of the taxpayer's property of every kind, except that specifically exempted, is subject to distraint. Cannon v. Nicholas, 10 Cir., 80 F.2d 934.

The state exemption laws do not apply. Kyle v. McGuirk, 3 Cir., 82 F.2d 212. Nor does the provision of the Bankruptcy Law, which specifically vests the cash surrender value of life insurance policies in the trustee, subject to the bankrupt's right to redeem. Consequently, the question is whether the defendant holds any property of the taxpayer which could be

reached at the suit of an ordinary creditor.

The Government contends, in this case, that the "property" of the insured in the hands of the defendant is the cash surrender value, and nothing else. If the thing involved were the value of the policy—that is the whole contract—the Government's case would fail because that value has not been proved. As was pointed out in United States v. Massachusetts Mut. Life Ins. Co., D.C., 38 F.Supp. 333, it would lie somewhere between the cash surrender value and the face of the policy, an amount not ascertainable, or, at any rate, not ascertained in this case. The action is for a penalty equal to the value of the property withheld, and before a judgment could be entered the Government would have to prove the value of that property.

■ The weight of authority is that, until the insured has elected to take it and has surrendered the policy, the cash surrender value does not constitute property of the insured available to creditors. Farmers' & Merchants' Bank v. National Life Ins. Co., 161 Ga. 793, 131 S.E. 902, 44 A.L.R. 1184; National Bank v. Appel Clothing Co., 35 Colo. 149, 83 P. 965, 4 L.R.A.,N.S., 456, 117 Am.St.Rep. 186; Boisseau v. Bass' Adm'r, 100 Va. 207, 40 S.E. 647, 57 L.R.A. 380, 93 Am.St.Rep. 956; Van Dyke Co. v. Moll, 241 Mich. 255, 217 N.W. 29, 57 A.L.R. 692. The insured has no present claim against the insurer. He has a right to act by written election and surrender of the policy and thus create a property right in himself. But until he does act he has only a right personal to him which only he can exercise. The law will reach fixed contractual obligations in these cases, but it will not create new ones. Equity, under some circumstances, upon a creditors' bill, may act for a party and perform for him the condition precedent to his right to obtain property, but not where the rights of third parties would be affected. To do so here would be wholly to ignore the interest of the beneficiaries.

Pennsylvania is in accord with the general rule. In Association v. Laib, 13 Pa. Co.Ct.R. 658, it was held that the withdrawal value of a fire insurance policy (equivalent to cash surrender value of a life insurance policy) was not subject to attachment. Com. ex rel. v. Gault, 21 Pa. Dist. & Co.R. 420, held that dividends accumulated in the hands of the insurer were subject to attachment, but contains the dictum: "* * * the proceeds of the policies, the cash surrender value or the loan value, are not attachable." Even dividends as to which the debtor had several unexercised options were held in Martin v. Balis, 18 Pa.Dist. & Co.R. 187, not subject to attachment until election by the insured. See, also, Gordy v. Buscillo, 18 Pa.Dist. & Co.R. 224, in which the Court said, "The right to determine whether or not the liability of the insurer to the insured should be created, by virtue of the exercise of certain options provided for in the policy of insurance, is not an attachable claim prior to the exercise of the option by the party in whom the right is vested."

Tradesmen's Nat. Bank v. Cresson, 10 Pa.Co.Ct.R. 57, has been cited as holding contrary to the rule adopted here. 28 C.J. page 166, note 85; 17 Vale Pennsylvania Digest, Garnishment, ☞34, p. 836; 44 A. L.R. 1190. The writers who have done so, however, seem to have overlooked the fact that the insured debtor in that case had assigned the policy to the attaching creditor. The assignment was accompanied by a power of attorney, and the two put the creditor in a position to exercise the insured's rights to surrender the policy and elect to take the cash value. The Court said, "* * * the plaintiff, having possession of the policy, with a power of attorney to transfer the same. * * * Here the controversy is between two creditors of the insured, who has assigned to one of them and left the field. As between these creditors, the first in time is first in law, and should be awarded the fruits of his vigilance."

■■ This Court is bound by the law of Pennsylvania as to what constitutes property. Consequently I am not required to follow the decision of the Circuit Court of Appeals for the Third Circuit in Kyle v. McGuirk, supra [82 F.2d 213], which was based on the statement: "In the absence of any decisions by the Pennsylvania courts holding to the contrary, we are of the opinion that the property rights in the policy were in the assured during his lifetime to an extent sufficient to subject those rights to distraint." While Kyle v. McGuirk was cited by Judge Kalodner in United States v. Metropolitan Life Ins. Co., D.C., 36 F.Supp. 399, 400, the point at issue in that case was whether or not the insured was an indispensible party. The Court said: "Section 3710(b) is entirely a penal statute directed against persons who

refuse to surrender property to the Collector as required by Section 3710(a), and accordingly no other parties are necessary to the suit." Upon this holding it was really unnecessary to determine whether the cash surrender value could have been reached in an action against the insured, and so far as that question was noticed it may be considered dictum.

Since the law applicable, at least in this jurisdiction, supports the defendant's position, it is not necessary to attempt to reconcile other Federal decisions. United States v. Metropolitan Life Ins. Co., D.C.S.D. N.Y. August 15, 1941, 41 F.Supp. 91, is in accord with the conclusion reached here.

Judgment for the defendant.