**UNITED STATES v. MASSACHUSETTS
MUT. LIFE INS. CO.**

No. 3731.

Circuit Court of Appeals, First Circuit.

March 13, 1942.

Bernard Chertcoff, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to Atty. Gen., and Edmund J. Brandon and George F. Garrity, both of Boston, Mass., on the brief), for appellant.

Frederick H. Nash, of Boston, Mass. (Raymond P. Baldwin, of Boston, Mass., on the brief), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges. .

MAHONEY, Circuit Judge.

The defendant, Massachusetts Mutual Life Insurance Company, about September 28, 1908 delivered in the State of Washington to Edward G. Robinson, Jr., a resident of that state, a twenty payment policy of life insurance in consideration of a premium there paid to it. The policy became fully paid up in 1928. The insured had named his wife beneficiary of the policy but he had reserved to himself the right to change the beneficiary. No such change has ever been made.

On June 17, 1939, notice of levy on the policy and warrant for distraint were served on the defendant at Portland, Oregon. On July 26, 1939 the taxpayer notified the defendant that he was releasing his right to change the beneficiary. On August 9, 1939 the defendant returned the policy to the insured, stating: "We cannot endorse this attempted change in benefit under the policy but are willing to file this letter as an attempted change in benefit. Obviously, we cannot comply with your directions in view of the government's lien against this policy."

On November 29, 1939 a second notice of levy and warrant for distraint were served upon the defendant at its home office at Springfield, Massachusetts, notifying it that there was due from the insured to the plaintiff as an unpaid internal revenue tax the sum of $944.33, and further notifying the defendant that "all property, rights to property, moneys, credits and/or bank deposits now in your possession and belonging to the aforesaid E. G. Robinson, and all sums of money owing from you to the said E. G. Robinson are hereby seized and levied upon for the payment of the aforesaid tax, together with penalties and interest, and demand is hereby made upon you for the sum of Nine hundred and forty-four dollars and thirty-three cents ($944.33) of the amount now owing from you to the said E. G. Robinson or for such lesser sum as you may be indebted to him, to be applied to the payment of the said tax liability". On December 5, 1939 a final notice and demand were served on the defendant at Springfield, Massachusetts.

The cash surrender value of the policy on June 17, 1939 was $945.43; on November 28, 1939, $945.40; and on December 5, 1939, $944.91. The government was demanding from the defendant the sum of $944.33.

The defendant refused to pay to the Collector of Internal Revenue the cash surrender value of the policy and the plaintiff then brought this action in the United States District Court in Massachusetts under Section 3710 of the Internal Revenue Code to recover from the defendant the statutory penalty imposed by subsection (b) of that section. The insured and the beneficiary are now residents of the State of Oregon and the policy is in the possession of the insured.

The defendant admitted that there was due from it to the insured a dividend on the policy amounting to $12.68 and that the statutory penalty could be imposed for this amount. The court below determined that the plaintiff was not entitled to recover any more than the amount of the dividend and entered its judgment for the plaintiff in that sum, 38 F.Supp. 333. The plaintiff has appealed.

The appeal presents this question: Is the defendant life insurance company liable for the statutory penalty under I.R.C. § 3710 for failure to pay to the Collector of Internal Revenue the cash surrender value of a life insurance policy, under the terms of which the delinquent taxpayer-insured had a right to change the benficiary, when the policy has never been surrendered to the defendant, the beneficiary never changed and the consent of the beneficiary

never obtained? The applicable sections of the Internal Revenue Code are:

"§ 3710. * * * (a) Any person in possession of property, or rights to property, subject to distraint * * * shall, upon demand by the collector * * * surrender such property or rights to such collector or deputy * * *"

" (b) Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered * * *"

"§ 3690. Authority to Distrain. If any person liable to pay any taxes neglects or refuses to pay the same within ten days after notice and demand, it shall be lawful for the collector or his deputy to collect the said taxes, with such interest and other additional amounts as are required by law, by distraint and sale, in the manner provided in this subchapter, of the goods, chattels, or effects, including stocks, securities, bank accounts, and evidences of debt, of the person delinquent as aforesaid."

Section 3710 provides that a person in possession of property or rights to property which are subject to distraint must surrender such property and rights to the Collector upon demand. We must determine whether the defendant insurance company is "in possession of property, or rights to property, subject to distraint", within the meaning of Section 3710(a). If it is, then the defendant is liable for the penalty imposed by Section 3710(b).

The insurance company contends that it is not in possession of property of the taxpayer subject to distraint within the meaning of the statute because it is under no liability to pay the cash surrender value until the policy has been surrendered to it and the consent of the revocable beneficiary has been given or the insured has exercised his right to make himself beneficiary of the policy. Since none of these conditions has been observed in the present case, the defendant says that no claim has arisen against it, with the result that there is no property which can be distrained. The government argues that the realistic, economic fact is that the insured has the complete power to obtain the cash surrender value of the policy from the company merely by naming himself beneficiary and surrendering the policy. It says that the collection of taxes is a practical, administrative problem, and the fact that the in-

sured has failed to comply with the merely formal conditions of making himself beneficiary and surrendering the policy should not be allowed to stand in the government's way. An able exposition of this position may be found in the opinion of the district court in Columbian National Life Insurance Co. v. Welch, D.C., 15 F. Supp. 777, affirmed, 1 Cir., 1937, 88 F.2d 333, for a different reason. While the government's argument is not without considerable merit, we cannot accept it.

The policy provides: "After this policy has become paid-up by payment of all required premiums, or if it becomes paid-up for a reduced amount by operation of law, or if extended term insurance is taken hereunder, the insurance will have a cash surrender value available within thirty days of the application therefor on legal surrender of the policy."

No matter what state law is applicable to the construction of this insurance contract, it would appear to be clear that state courts would construe this contract so as to hold that the insurance company would not be liable to pay the cash surrender value of the policy until the insured had made application for it and had surrendered the policy to the company. Although there is no clear authority on the question, there is also the possibility that under applicable state law it might be held that the insurance company would not be liable to pay the cash surrender value so long as the consent of the revocable beneficiary had not been obtained. There is no Washington case squarely in point. In Massachusetts, by statute, written assent by the beneficiary was at one time specifically required. Mass.G.L.(Ter.Ed.) c. 175, § 144. This, however, was changed by L.Mass. (1938) c. 209, § 1, but the extraterritorial effect of the amendment may perhaps be questioned.

At the very least, however, the insurance company would not be required to pay the cash surrender value to the insured so long as he had not applied for it and the policy had not been surrendered. It might be argued that this latter condition is a merely formal one and that under certain conditions equity would dispense with its performance. But the characterization of the condition as formal in character does not necessarily require the conclusion that this particular contract formality should be dispensed with in a case where the tax-collecting powers of the federal

government are involved. This is particularly so when it would appear to be clear that there are reasonable alternative remedies which the government is free to pursue.

■ As a matter of fact the condition requiring "legal surrender" of the policy is more than a merely formal one. See Martin v. New York Life Ins. Co., 7 Cir., 1939, 104 F.2d 573, 574, 124 A.L.R. 1163; United States v. Metropolitan Life Ins. Co., D.C.S.D.N.Y.1941, 41 F.Supp. 91, 93. The primary obligation of the insurer is to pay the face value of the policy to the designated beneficiary upon the death of the insured. The insured has a power, by surrendering the policy (possibly even without the consent of the beneficiary), to convert this primary obligation into an obligation to pay him the cash surrender value. In the present case the insured has made no application for the cash surrender value and has not surrendered the policy. Until he does so, or until he exercises his power to revoke the designation of the beneficiary, the latter has a recognizable property interest in the policy. See Lehman, J., in Maurice v. Travelers' Ins. Co., 1923, 121 Misc. 427, 201 N.Y.S. 369, 372, 376; United States v. Metropolitan Life Ins. Co., supra; Tyler v. Treasurer, 1917, 226 Mass. 306, 308, 115 N.E. 300, L.R.A.1917D, 633; Kruger v. John Hancock Mutual Life Ins. Co., 1937, 298 Mass. 124, 126, 10 N.E.2d 97, 112 A.L.R. 725. The insured not having exercised the power to surrender the policy and thus cut out the interest of the beneficiary, the insurance company does not now owe the insured the cash surrender value. There is no debt presently owing. A court of equity having jurisdiction over the person of the insured might in a proper case command the insured to exercise his power and thus transmute the primary obligation of the insurance company into an obligation to pay over the cash surrender value. Cf. Maurice v. Travelers' Ins. Co., supra, at pages 376, 377 of 201 N.Y.S. But that is not the present case. The government in the present proceeding, to which neither the insured nor the beneficiary is a party, cannot make the insured exercise his power to extinguish the interest of the beneficiary. In Isaac Van Dyke Co. v. Moll, 1928, 241 Mich. 255, 217 N.W. 29, 57 A.L.R. 692, which held that a creditor of the insured could not garnishee the cash surrender value in the hands of the insurance company to the prejudice of a revocable beneficiary, the court pointed out the hardship that would result if the creditor could thus reach the cash surrender value and extinguish the policy at a time when the insured was lying on a sick bed with dissolution near at hand, the policy in such case being worth a great deal more than the amount of the cash surrender value. The government in the case at bar is not in the position of a trustee in bankruptcy of the insured because under Section 70, sub. a(3) of the Bankruptcy Act, 11 U.S. C.A. § 110, sub. a(3), the trustee in bankruptcy is expressly vested by operation of law with all the powers which the bankrupt might have exercised for his own benefit. Cohen v. Samuels, 1917, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143.

■ Accordingly we hold that under the circumstances present in this case the defendant insurance company is not a person in possession of the insured's property or rights to property subject to distraint within the meaning of Section 3710. United States v. Metropolitan Life Ins. Co., supra; United States v. Penn Mut. Life Ins. Co., D.C.,E.D.Pa., Oct. 28, 1941, 44 F.Supp. 804; contra: Columbian National Life Insurance Co. v. Welch, supra. We do not believe that Kyle v. McGuirk, 3 Cir., 1936, 82 F.2d 212, or Cannon v. Nicholas, 10 Cir., 1935, 80 F.2d 934, are contrary to the position which we take here.

It does not follow, however, that the insured is not a person in possession of property subject to distraint. Perhaps he is such a person; undoubtedly he has a substantial interest in the policy, though not the sole interest. Cf. Kyle v. McGuirk, supra; Cannon v. Nicholas, supra. The government argues that if the insured is in possession of property subject to distraint, then so is the insurer. Ordinarily one would think that if an obligee of a chose in action is in possession of property subject to distraint then the obligor would be in possession of such property within the meaning of the revenue statute. However, when an obligation of the peculiar nature here involved is subject to conditions precedent which have not been performed, we can see no inconsistency in saying that the obligor is not in possession of property subject to distraint while the obligee is in possession of such property, because the obligor is in no position to perform the conditions but the obligee is in such a position.

Moreover, there are practical reasons supporting this result. There is the distinct

possibility that the insurance company might be subjected to double liability. While this issue is one which is not entirely free from doubt, still state courts might later hold, upon death of the insured, that an insurance company would be liable to pay the proceeds of the policy to the beneficiary even though the government had distrained the cash surrender value of the policy in the hands of the insurance company, if the conditions precedent to the obligation to pay over the cash surrender value had not been observed. There is no square authority on this point, however. We cannot say with confidence that there would be no danger of a double liability if the government should prevail in the case at bar. If we undertook to hold that the beneficiary's interest would be effectively extinguished, this would not bind the beneficiary, who is not a party before us. Congress could not have intended that the cash surrender value of a life insurance policy could be distrained in this way when it would expose insurance companies to risks of double liability in state actions. The result we have reached here does not impose any great burden on the government in the performance of its administrative duties because there would appear to be reasonable alternative remedies which the government is free to pursue.

In view of our treatment of the case we need not pass on the effectiveness of the attempted release of the power to change the beneficiary.

The judgment of the District Court is affirmed.