### UNITED STATES v. MANUFACTURERS TRUST CO.

United States District Court
S. D. New York.
April 3, 1951.

Irving H. Saypol, U. S. Atty., New York City (Wiliam B. McKeown, Asst. U. S. Atty., New York City, of counsel), for United States.

Newman & Bisco, New York City (George B. Balamut, Judson W. Pearl, and

David G. Sacks, all of New York City, of Counsel), for defendant.

CLANCY, District Judge.

This is an action by the United States of America to recover $83 plus interest from the defendant, Manufacturers Trust Company. The plaintiff served a notice of levy and warrant for distraint for $83 on the defendant bank attaching the savings account of a delinquent taxpayer. Defendant refused to honor the notice of levy and pay over the amount demanded because plaintiff failed to produce the depositor's passbook. Plaintiff has moved for summary judgment on the ground that under § 3710 (a), Title 26 U.S.C.A. it is not required to produce the passbook in order to receive the money. § 3710 (a) reads as follows: "Any person in possession of property, or rights to property, subject to distraint, upon which a levy has been made, shall, upon demand by the collector or deputy collector making such levy, surrender such property or rights to such collector or deputy, unless such property or right is, at the time of such demand, subject to an attachment or execution under any judicial process."

The relation of a bank to a depositor is that of debtor and creditor according to the terms of their contract. This defendant had agreed with its depositor to pay him any monies only if his passbook was presented or on his giving satisfactory indemnity in case of its non-production because of its loss, theft, destruction or other exceptional reason. There is nothing in § 3710 (a) which effects any change in the vested rights of the parties. In so far as the passbook requirement is concerned, neither law nor equity supports any reason why the defendant's contracted right should be ignored. In fact even the most liberal construction of the terms "property" or "rights to property" as used in § 3710 (a) could not justify an alteration of the existing liabilities and obligations between the defendant and its depositor. U. S. v. Massachusetts Mutual Life Insurance Co., 1 Cir., 127 F.2d 880; U. S. v. Metropoli-tan Life Insurance Company, 2 Cir., 130 F.2d 149; U. S. v. Penn. Mutual Life Insurance Company, 3 Cir., 130 F.2d 495, 142 A.L.R. 888.

Plaintiff's motion for summary judgment is therefore denied. Defendant's cross-motion to dismiss the complaint and for summary judgment is granted.